UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STATE OF NEW YORK *EX REL* VINROD
KHURANA and THE CITY OF NEW YORK *EX REL*
VINROD KHURANA,

                                         Plaintiffs,

                    v.

SPHERION CORP. (N/K/A SFN GROUP, INC.),

                                         Defendant.

Case No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq*., Defendant SFN Group, Inc. (f/k/a Spherion Corp.) ("SFN Group") hereby gives notice of the removal of this case to the United States District Court for the Southern District of New York and states as follows:

**A.      Procedural History**

1.      Plaintiff Vinrod Khurana ("Khurana" or "Plaintiff") commenced this *qui tam* action under seal on or about March 31, 2011 in the Supreme Court of the State of New York, County of New York (the "New York Supreme Court") against SFN Group and a number of other defendants including Science Applications International Corp., Technodyne LLC, DA Solution, Inc., Prime View, Inc., Mark Mazer, Scott Berger, Joel Bondy, and Mike Fayerman (together, the "Original Defendants"). This action is now docketed as The State of New York *ex rel* Vinrod Khurana and The City of New York *ex rel* Vinrod Khurana v. Spherion Corp. (n/k/a SFN Group, Inc.), Index No. 650927/11. SFN Group received the Second Amended Complaint on or about July 21, 2015 via delivery by its registered agent for service of process. Exhibit A contains a copy of all process, pleadings and orders received by SFN Group.

2.      Khurana's original Complaint was filed under seal on or about March 31, 2011. SFN Group was not served with, and did not receive, the Complaint until not earlier than July 21, 2015.

3.      On or about April 22, 2013, the State of New York filed under seal a Notice of Election (the "State Declination") in the New York Supreme Court declining to file a complaint against any of the defendants or intervene in the action, and authorizing the City of New York permission to: (1) file and serve a complaint against some or all of the defendants, and thereby be substituted as the plaintiff in the action and convert the action in all respects from a *qui tam* action brought by a private person into a civil enforcement action by the local government; (2) intervene in the action, as of right, so as to aid and assist the plaintiff in the action; or (3) decline to either file a complaint against any of the defendants or to intervene in the action. A copy of the State Declination is included in Exhibit A.  SFN Group is not aware of any other involvement by the State of New York in this *qui tam* action.

4.      Khurana filed under seal an Amended Complaint (the "First Amended Complaint") in the New York Supreme Court on or about October 14, 2013.  A copy of the First Amended Complaint is included in Exhibit A.  SFN Group was not served with, and did not receive, the First Amended Complaint until not earlier than July 21, 2015.

5.      On or about March 4, 2015, the City of New York filed under seal a Notice of Election (the "City Declination") in the New York Supreme Court declining to convert this *qui tam* action into a civil enforcement action or intervene in this action.   A copy of the City Declination is included in Exhibit A.  The City Declination stated that "[i]f the *qui tam* plaintiff intends to file a Second Amended Complaint, he shall do so in accordance with applicable law

and cause the Complaint (including hereinafter all Amended Complaints) to be unsealed." *See* City Declination, ¶ 5 (Exhibit A).

6.      Khurana filed under seal a Second Amended Complaint (the "Second Amended Complaint" or "2AC") on or about July 13, 2015 and a Second Amended Summons (the "Second Amended Summons") on or about July 20, 2015 in the New York Supreme Court.

7.      SFN Group is the only defendant named in the Second Amended Complaint. Copies of the Second Amended Summons and Second Amended Complaint are included in Exhibit A.

8.      Although the City of New York declined to intervene in this *qui tam* action, it appears that the City of New York separately pursued the claims raised in this action against some or all of the Original Defendants other than SFN Group, as the City of New York settled these claims with many of the other Original Defendants prior to Khurana's filing of the Second Amended Complaint.  *See* 2AC ¶ 5, n.2 (Exhibit A).

9.      On July 21, 2015, SFN Group was, for the first time, served with the Complaint, the First Amended Summons, the Second Amended Summons, the Second Amended Complaint and the other documents attached hereto as Exhibit A (together, the "Case Documents") via service on its registered agent in Florida.  This action remains sealed in the New York Supreme Court, and SFN Group had no knowledge about this action prior to receiving the Case Documents on July 21, 2015.

**B.      Grounds for Removal**

10.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). SFN Group may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441

because, as set forth below, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and, and there is complete diversity:

a.      On information and belief, Khurana is a citizen of California and was a citizen of New Jersey at the time this action was commenced.  2AC ¶ 9 (Exhibit A); Complaint ¶ 12 (Exhibit A).

b.      SFN Group is a Delaware corporation with its principal place of business in Massachusetts.  At the time this action was commenced, SFN Group's principal place of business was in Florida.

c.      As this is a *qui tam* action, neither the State of New York nor the City of New York is a party to this action.  *See United States ex rel. Eisenstein v. City of New York*, 129 S. Ct. 2230, 2235 (2009) (in federal False Claims Act case "the United States' status as a 'real party in interest' in a *qui tam* action does not automatically convert it into a 'party'").  The State of New York and the City of New York should therefore be disregarded for purposes of diversity jurisdiction.

d.      In the event the City of New York were deemed a party for diversity purposes in this action, as a municipality within the State of New York, the City of New York is a citizen of New York.  *See*, *e.g.*, *Wellsville v. Atlantic Richfield Co.*, 608 F. Supp. 497, 499 (W.D.N.Y. 1985).  Complete diversity thus exists here between Khurana and the City of New York, on the one hand, and SFN Group on the other hand.

e.      In the event the State of New York were deemed a party, it is not a proper party for diversity purposes as it is not a real party in interest in this *qui tam* action.  As noted above (¶ 3), other than filing the State Declination, which

simply gave the City of New York permission to join this *qui tam* action seeking damages on behalf of the City of New York or to decline to join this action, SFN Group is not aware of any involvement by the State of New York in this *qui tam* action.  Khurana has not alleged that the State of New York suffered damages in this action (2AC ¶¶ 4, 53, 67-69, 71-73), and the State of New York has acknowledged that this action seeks damages on behalf of the City of New York only.  *See* State Declination at 1 (Exhibit A).  ("This action raises claims pertaining to damages sustained by the *City of New York*.") (emphasis added). For diversity jurisdiction purposes, the State of New York is, thus, not a true party in interest in any of the counts in this action and should be disregarded.  *See*, *e.g.*, *California ex rel. Bates v. Mortgage Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 81650, *3 (E.D. Cal. July 21, 2010) ("[t]he Court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy") (internal quotation omitted).

11.    This case is an action under the New York State False Claims Act, N.Y. Fin. Law §§ 187, et seq., and the New York City False Claims Act, Admin. Code §§ 7-801, et seq., for damages allegedly sustained by the City of New York and Khurana.  In the Second Amended Complaint, Khurana has requested monetary relief that exceeds $75,000 in value.  Specifically, Khurana alleges that SFN Group billed the City of New York an estimated $48 million in connection with a project referred to as CityTime, (2AC ¶ 67), and Khurana alleges that "any claims for payment that [SFN Group] made to the City between 2004 and 2010 . . . were false claims subject to treble damages and pre-claim penalties pursuant to the New York State False Claims Act."  2AC ¶ 53 (Exhibit A).  Khurana also seeks two times back-pay from the date of

his alleged termination of his employment in 2007 through the conclusion of the CityTime project in 2010, plus special damages including his attorneys' fees and litigation expenses. 2AC ¶¶ 77, 81 (Exhibit A).  The total amount of damages sought in the Second Amended Complaint therefore exceeds $75,000.

## C.   <u>Procedural Matters</u>

12.   SFN Group expressly reserves all rights to move for dismissal of this action on any ground whatsoever or to seek a transfer of venue.

13.   SFN Group further reserves all other defenses available to it.

14.   Copies of all process, pleadings and orders served on SFN Group in this action, as required by 28 U.S.C. § 1446(a), are included in Exhibit A.

15.   SFN Group will properly file with the Court a copy of the Notice of Filing of Notice of Removal with the New York Supreme Court as required by 28 U.S.C. § 1446(d).

16.   For the reasons stated above, SFN Group respectfully submits this notice of removal to the United States District Court for the Southern District of New York.

New York, New York
August 20, 2015

**SEWARD & KISSEL LLP**

By: /s/ Mark J. Hyland
      Mark J. Hyland
      Rita M. Glavin
One Battery Park Plaza
New York, NY 10004
Telephone:  (212) 574-1200
Facsimile:  (212) 480-8421

*Attorneys for SFN Group, Inc.
 (f/k/a Spherion Corp.)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served via overnight mail on this the 20th day of August, 2015, on the following persons:

> David Kovel, Esq.
> Randall Berger, Esq.
> Kirby McInerney, LLP
> 825 Third Avenue, 16th Floor
> New York, NY 10022
> dkovel@kmllp.com
> rberger@kmllp.com
>
> John R. Newcomer, Jr., Esq.
> Elaine Stromgren, Esq.
> James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A.
> One Urban Center, Suite 550
> 4830 West Kennedy Boulevard
> Tampa, FL 33609
>
> *Attorneys for Relator Vinrod Khurana*

                                    /s/ Mark J. Hyland
                                       Mark J. Hyland