UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE STATE OF NEW YORK *EX REL* VINOD
KHURANA and THE CITY OF NEW YORK *EX REL*
VINOD KHURANA,

      Plaintiff,

No. 15-CV-6605-JFK

-against-

SPHERION CORP. (N/K/A SFN GROUP, INC.),

      Defendant.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-4-16

**STIPULATION AND ORDER FOR THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

  IT IS HEREBY STIPULATED AND AGREED by the City of New York (the "City") Relator Vinod Khurana ("Khurana"), and defendant SFN Group, Inc. (f/k/a Spherion Corp.) ("Spherion") (collectively, the "Parties") as of the date of this Stipulation and Order of Confidentiality (the "Order") that:

  1. "Confidential Information," as used herein, means any information which is designated, in good faith, as Confidential by the designating party (the "Designating Party") and disclosed to the other party. In designating information as Confidential, the Designating Party will make such designation only as to non-public information that contains confidential or otherwise sensitive information, including information relating to law enforcement activities, subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or any other federal, state or local law.

  2. Any documents, material or information to be designated Confidential may be so designated by stamping the documents, material or information with the legend "Confidential" prior to their production. In the case of documents or information stored

electronically, a designation may be made by affixing the legend "Confidential" on the electronically produced document. However, where it is unduly burdensome or impossible to stamp or otherwise affix a legend on certain documents, a party may furnish a separate written or electronic notice to the Receiving Party specifically identifying the documents, material or information as "Confidential."

3. The designation of any material as Confidential Information shall apply with equal force to any copies, abstracts or summaries made thereof, or excerpts taken therefrom. Any individual making such copies, abstracts or summaries, or creating any document including excerpts taken therefrom (including, without limitation, expert reports or pleadings), shall clearly mark such documents so as to preserve the confidentiality of the materials incorporated therein.

4. Documents or materials designated as Confidential Information or information derived therefrom, may be used solely for the purpose of this Action and shall not be used in any other action or proceeding, or for any other purpose whatsoever, absent written consent by the Designating Party.

5. Confidential Information may be disclosed or made available by the Party receiving such information (the "Receiving Party") only to the following:

(a) the Court, as provided in paragraph 13, including Court personnel, potential jurors, jurors and/or alternates (at any trial or hearing);

(b) Named parties, or officers, directors, and employees of such parties who are reasonably necessary to assist counsel in this case;

(c) In-house counsel for the parties and counsel of record in this matter, including contract attorneys, paralegals, clerical, and secretarial staff employed by such counsel as necessary for the prosecution or defense of this action and for preparation for trial;

   (d) court reporters, videographers, and any outside duplicating or document management company retained by any party;

   (e) persons noticed for depositions, or designated as trial witnesses, or potential witnesses and their counsel, to the extent reasonably necessary in connection with their testimony (or potential testimony) or in preparation therefor;

   (f) outside consultants or experts retained at any time by counsel in connection with this litigation as a consulting or testifying expert pursuant to Rule 26(b)(4), Fed. R. Civ. P., and who reasonably require access to the particular Confidential Information for purposes of assisting them in this Litigation; and

   (g) any other person that the Parties agree to in writing.

  6. Prior to the disclosure of any Confidential Information to any person designated in paragraph 5(e)-(g), such person must first agree to be bound by the terms of this Order by signing the Acknowledgment attached as Exhibit A or, in the case of a deposition witness who has not previously signed an Acknowledgment, by agreeing on the record to be bound by the terms of this Order. Counsel shall retain copies of each signed Acknowledgment during the course of this litigation until terminated by a final non-appealable judgment or settlement.

  7. If any Confidential Information is disclosed to any person other than a person designated in paragraph 5, the Receiving Party that caused the disclosure shall use its best efforts to obtain that person's Acknowledgment to be bound by the terms of this Order and to promptly notify the Designating Party of such disclosure.

  8. In the event that a party inadvertently fails to designate any documents or information as Confidential, such failure shall not constitute a waiver of any claim of confidentiality so long as the producing party within fifteen (15) days of becoming aware of such disclosure makes such a designation by notifying the Receiving Parties in writing. Upon receipt

of such written notice, the Receiving Parties shall treat information contained in said documents and materials and any summaries or notes thereof as Confidential Information.

9. If any Party wishes to use, or inquire at any deposition concerning any Confidential Information or information derived therefrom, the portion of the deposition transcript and exhibits which relate to such documents, materials or information shall be designated as Confidential and shall be bound separately, and subject to the provisions of this Order.

10. Deposition testimony may be designated as Confidential either (i) at the deposition, by making a statement on the record that the information is Confidential, or (ii) on or before fifteen (15) calendar days after receipt of the transcript, by notifying all counsel to the Parties in writing of such designation. Until the expiration of such fifteen (15) calendar day period with respect to any deposition transcript, all deposition testimony and transcripts shall be deemed to be Confidential Information and treated as if so designated.

11. In the event counsel for the Receiving Party objects to the designation of any or all of items as Confidential, said counsel shall advise the Designating Party of such objections and the reasons therefor. If the Designating Party objects to the proposed disclosure, all such items shall be treated as Confidential Information pending a resolution of the Parties' dispute, and it shall be the obligation of the Receiving Party to obtain a prompt hearing before this Court with respect to the propriety of the designation. The burden of proof that a document should be designated Confidential shall be on the Designating Party. In the event that the Receiving Party seeks such a hearing, the Designating Party will cooperate in obtaining a prompt hearing with respect thereto.

12. All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information shall be filed under seal with the Clerk of the Court and kept under seal until further

order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information, and not text that in no material way reveals the Confidential Information.

13. Documents, materials or information designated as Confidential shall not be disclosed (other than by the Designating Party) except in accordance with the terms of this Order.

14. Nothing herein shall impose any restrictions on the use or disclosure by a party of its own documents, or documents or information obtained by such party independent of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action. The burden of demonstrating that the documents, material or information was obtained independently of the discovery proceedings in this Litigation is on the Receiving Party.

15. The parties, in conducting discovery from a third party, shall attach to such discovery requests a copy of this Order so as to apprise such third party of its rights herein. Any third party from whom discovery is sought may obtain the protection of this Order by designating its provision of discovery as Confidential in the manner provided herein.

16. Within ninety days of the conclusion of this action, including any appeals, each Party shall either: i) return to each producing party all documents containing Confidential Information designated by such party, including copies thereof, or ii) destroy all documents containing Confidential Information and certify to Designating Party that to the best of its knowledge, all Confidential information produced by that Party has been destroyed. Counsel of record may maintain in their confidential files one copy of each paper filed with or submitted to

the Court, each deposition together with the exhibits marked at the deposition, each expert report, and any attorney work product.

17. Any party or non-party may ask the Court, after notice to all parties, to modify or grant relief in addition to, or relief from, any provision of this Order for good cause shown.

18. This Order shall be valid and effective between the parties as of the date it is fully executed by all parties, irrespective of when or whether it is entered by the Court.

19. The Court shall retain jurisdiction over any disputes regarding a party's or non-party's compliance or failure to comply with the terms of this Order.

20. <u>No Waiver by Disclosure</u>. In the event that a Party inadvertently discloses a document or documents that would otherwise be covered by attorney-client privilege or would otherwise be covered by the work product doctrine, or any other applicable privilege or protection recognized by state or federal law (collectively referred hereinafter as "Protected Material"), the disclosure of that Protected Material shall not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege or protection applicable to that Protected Material or its subject matter.

21. <u>Notification Requirements; Obligations of Receiving Party</u>. A party that inadvertently produces Protected Material (the "Disclosing Party") may notify in writing the party receiving the Protected Material (the "Receiving Party") that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be destroyed (the "Clawback Demand"). A Clawback Demand shall be made promptly after the Disclosing Party discovers that Protected Material was produced. A Clawback Demand must identify with particularity (i.e. provide the Bates numbers or sufficient information to identify the record) the Protected Material to be destroyed, as well as the basis for the claim of privilege or protection. Upon receiving a Clawback Demand, and subject to paragraph 22 hereof, the Receiving Party

6

shall - regardless of whether the Receiving Party agrees with the assertion of privilege or protection - within ten (10) business days after receipt of the Clawback Demand provide to the Producing Party written assurance that (i) it will cease further review, use and/or dissemination of the identified Protected Material (or information obtained from the Protected Material) and (ii) destroy the Protected Material, including any copies it has, and notify any third-party to whom the Receiving Party sent such identified Protected Material to destroy it, and to provide written assurance thereof to the Receiving Party.

22. <u>Claims of Non-Privilege or Protection</u>.  If the Receiving Party claims that there is no applicable privilege or protection for any of the identified Protected Material, then rather than destroying the document, Receiving Party shall, within ten (10) working days from the request for the Clawback Demand, make a written submission to the Court for an in camera review, to which the Disclosing Party may respond within five (5) working days, and the issue shall be decided by the Court.  During the period that the Court is deciding this inadvertent disclosure issue, the receiving Party shall not make use of the Protected Material or information obtained from the Protected Material.

23. <u>Pre-Production Review.</u>  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents and related information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Zachary W. Carter
CORPORATION COUNSEL OF THE CITY
OF NEW YORK

By: /s/ Sabita Krishnan
Sabita Krishnan
100 Church Street, Room 20-83
New York, NY 10007
Telephone: (212) 356-2273

*Attorney for the City of New York*
Dated: December 28, 2015

KIRBY MCINERNEY LLP

By: /s/ David Kovel
David Kovel
825 Third Ave.
New York, New York 10022
Telephone: (212) 371-6600

*Attorneys for Plaintiff Relator Vinod Khurana*
Dated: December 29, 2015

SEWARD & KISSEL LLP

By: /s/ Mark J. Hyland /TRH
Mark J. Hyland
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200

*Attorneys for Defendant SFN Group, Inc. (f/k/a Spherion Corp.)*
Dated: December 28, 2015

SO ORDERED:

/s/ John F. Keenan  1/4/16
U.S.D.J.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   :
THE STATE OF NEW YORK *EX REL* VINOD             :
KHURANA and THE CITY OF NEW YORK *EX REL*        :
VINOD KHURANA,                                    :
                                                  :   No. 15-CV-6605-JFK
                     Plaintiffs,                  :
                                                  :
                                                  :
     -against-                                    :
                                                  :
SPHERION CORP. (N/K/A SFN GROUP, INC.),           :
                                                  :
                     Defendant.                   :
-------------------------------------------------------------X   :

## EXHIBIT A

1.     I, _____, have read the foregoing Order for the Protection and Exchange of Confidential Information dated _____ (the "Order"), and agree to be bound by its terms with respect to any documents, material or information marked "Confidential" that are furnished to me as set forth in the Order.

2.     I further agree (i) not to disclose to anyone any documents, material or information marked "Confidential" other than as set forth in the Order and (ii) not to make any copies of any documents, material or information marked "Confidential" furnished to me except in accordance with the Order.

3.     I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any proceedings to enforce the terms of the Order.

4.     I hereby agree that any documents, materials, or information marked "Confidential" furnished to me will be used by me only for the purposes of this Litigation and

for no other purpose, including any business, commercial, governmental, professional, educational, personal or any other purpose whatsoever, and will not be imparted by me to any other person.

_____    _____
Signature                                                             Date

_____
Company Name - Title

_____
Address