# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
  Roger W. Kirby
  Alice McInerney

February 1, 2016

**BY ECF AND HAND DELIVERY**

The Honorable Frank Maas
United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

      Re:    *State of New York Ex Rel Vinod Khurana, et al. v. Spherion Corp. (n/k/a SFN Group, Inc*.), Case No.15-cv-06605-JFK-FM

Dear Judge Maas:

      Pursuant to Your Honor's individual rules of practice and Local Civil Rule 37.2, Plaintiff/Relator Vinod Khurana (the "Relator") and the City of New York (the "City") submit this joint letter setting forth both parties' positions in a discovery dispute and respectfully request a pre-motion discovery conference.

      **Background.**  In early 2011, Relator filed a *qui tam* complaint, and then an amended complaint (hereinafter "AC"), in New York State Supreme Court. The AC was subsequently filed with this Court. ECF No. 23-2 at 60-97. The complaints, *inter alia*, alleged that various defendants, including Science Applications International Corp. ("SAIC"), submitted false claims to the City in violation of the New York State and New York City False Claims Acts ("NYFCA" and "NYCFCA," respectively) in connection with the CityTime software payroll project. This project cost the City approximately $800 million and was, according to Relator, not intended to succeed but rather to line the pockets of the corrupt contractors, including SAIC. AC ¶2.

      In the complaints, Relator alleged that he provided the City with information about the corrupt nature of the project during 2004-2007 while he worked as a load tester for the quality assurance contractor of the project, Spherion Corp. AC ¶¶25-33, 35. Relator also alleged that in early 2009 and 2010 he provided the City's Department of Investigation ("DOI") and the public with information about the corrupt nature of the project, including the fact of a kickback arrangement between certain quality assurance managers and a company called DA Solutions, Inc. ("DAS"). AC ¶¶35, 38-50. Relator identified for DOI the names of the persons he believed were most responsible for the knowing abuse at the project and stated that the City should investigate DAS in an online comment to a *Daily News* article in early 2010. *Id.*  This posting was viewed by City Comptroller investigators. *Id.*  Relator also asserts that he aided the City's

The Honorable Frank Maas                                                                                                   Page 2
February 1, 2016

investigation before (and after) the time he filed his complaints in 2011.[1]  This aid included having cooperative witnesses come forward to support the City's investigation of the project.

In March 2012, federal prosecutor reached an agreement with SAIC that resulted in approximately $500 million in restitution to the City.  Relator then moved for a relator's share in April 2013, seeking a percentage of the recovery as a whistleblower award pursuant to the NYFCA and NYCFCA.  The City obtained several extensions to file its opposition of the motion because of the criminal investigation.  These stipulations specifically anticipated that Relator would take discovery of the City upon the City's filing of the opposition.  The City finally opposed Relator's motion two years later, on April 17, 2015.[2]  The opposition relies heavily on an affidavit of Matthew Befort ("Befort Aff.", **Exhibit 2** hereto), a former DOI employee.  After receiving the opposition, Relator served document demands on the City.  Following good faith negotiations, and after the case was removed to Federal Court by the remaining defendant, Spherion Corp., the City produced responsive documents.  The outstanding discovery dispute relates to three issues.

First, Relator served Matthew Befort with a subpoena to testify, which the City opposes.  Second, Mr. Befort states in his affidavit that an interview with a former consultant, who is not the Relator, in June 2010 informed DOI about DAS and that DOI "received multiple complaints about the CityTime project from various sources."  Befort Aff. ¶4.  Relator requests documents sufficient to show the subject matter of these complaints.  Third, Mr. Befort states in his affidavit that DOI spoke with three individuals that overlapped with names Relator mentioned in his emails and meetings with DOI, including one individual that "contacted DOI himself" and was interviewed three times in early to mid-2011.  Befort Aff. ¶¶55-57.  Moreover, redacted City documents show that DOI interviewed a person associated with Relator.  Relator seeks the names and timing sufficient to show the significance of these individuals to the investigation.

**Relator's position.**  The City argues that Relator is not an "original source," relying in its brief primarily on the Befort Affidavit.  To be an original source one must have "prior to a public disclosure … voluntarily disclosed … the information on which allegations or transactions in a cause of action are based" or "materially add[ed]" to the publicly disclosed information.  NYFCA § 188(7).  Relator asserts that he did both of these things and a deposition of Mr. Befort would allow Relator to test the City's self-interested factual defense, which is contradicted by many of the documents already produced.  The City, by opposing Relator's motion with affidavits and documentary evidence, recognizes that Relator has a burden of proof in this case.[3]

---

[1]  *See generally*, Relator's Motion for Relator's Share, filed April 12, 2013 and the accompanying affidavit of Mr. Khurana (**Exhibit 1** hereto).  Copies of these have been served on the parties and can be made available to the Court.

[2]  At a status conference on December 21, 2015, Judge Keenan ordered that the already-briefed portions of the motion (the motion and the opposition) be served by Relator and the City serially and that the not-yet-briefed portion (*i.e.*, Relator's reply) be filed on March 17, 2016.  Relator served his motion, and the City served its opposition in January 2016.

[3]  While the City is incorrect to rely on cases finding the original source question to be one of subject matter jurisdiction (*e.g., Chen v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 293-94 (S.D.N.Y. 2013); *United States ex rel. Siegel v. Roche Diagnostics, Corp.*, 988 F. Supp. 2d 341, 344-345 (E.D.N.Y. 2013)), Relator agrees that he bears a burden to respond to the City's factual assertions.  The City cannot deny that this is a factual issue that is being litigated – indeed to deny this would be in bad faith as the City has already offered significant evidence in support of its position, including by relying on the Befort Affidavit.

"In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970).  Courts have been "zealous to protect these rights from erosion … not only in criminal cases, … but also in all types of cases where administrative . . . actions were under scrutiny." *Greene v. McElroy*, 360 U.S. 474, 496-97 (1959).

Further, Mr. Befort is the correct deponent.  The City offered this affiant in its opposition, despite the fact that he no longer worked at the City.  The City has continued to rely on Mr. Befort in the opposition, which was just served two weeks ago (*see* n.2 *supra*), despite knowing at the time that Mr. Befort had moved to Seattle, Washington.  The City provides no sensible reason why Relator should not depose Mr. Befort.  Relator has offered to travel to the current location of Mr. Befort for the witness's convenience.  The deposition can be attended telephonically (or by video) if travel is an issue.  In addition, Relator has asserted that he is responsible for certain people approaching the DOI as witnesses. ECF No. 25-2, ¶¶27-28. Mr. Befort acknowledges that DOI interviewed people Relator identified.  Befort Aff., ¶¶55-57.  A redacted document the City produced further shows that a friend of the Relator shared information with DOI.  Relator should be allowed to know the names of these people and to investigate the significance of the information that they provided DOI in order to show that his help materially added to publicly disclosed information.  Mr. Befort also attested that Mr. Khurana's complaint to DOI in early 2009 was part of a larger inventory of complaints that DOI had regarding the CityTime project.  Mr. Khurana is entitled to test the relevance of the other complaints, as compared to his own.

The Offensive Use Doctrine provides that the interests of fairness prevent a party from using privileged information "both as a shield and a sword." *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.,* 295 F.R.D. 28, 40 (E.D.N.Y. 2013) (citing *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000)).  "[A]s a general matter, a party cannot use materials as a 'sword' in its defense while using privileges attaching to materials relied upon for that defense as a 'shield.'" *In re The City of N.Y.*, 607 F.3d 923, 946-47 (2d Cir. 2010).  Relator needs to evaluate the content of Mr. Befort's claims to adequately respond.  Moreover, the City cannot simply claim privilege without a sound factual basis. *Mahoney v. Staffa*, 184 A.D. 2d 886 (N.Y. App. Div. 1992) (finding that the privilege does not attach when the government does not "factually buttress its claim that the disclosure sought by plaintiffs would jeopardize the public interest").  Both the common interest privilege and the law enforcement privilege are narrowly construed.  *Szikszay v. Buelow*, 436 N.Y.S.2d 558 (N.Y. Sup. Ct. 1981).  Here, there is no indication that the disclosure of names of witnesses in the context of this litigation would reveal a "confidential source" or trigger any other concern.  The City does not argue that it has made any promises of confidentiality, and it appears from the Befort Affidavit that the witnesses contemplated participating in the public criminal trial.  *Contra In re The City of N.Y.*, 607 F.3d at 950 (refusing to disclose field reports of undercover investigation because it would put lives in danger).  Disclosing the names of the witnesses to Relator does not reveal any litigation strategy or other investigation tactic which might compromise future investigations.  Similarly, when the individuals made complaints to DOI, there was no presumption that the information would remain confidential.  Finally, to the extent there is information that truly is worthy of protection, a protective order will satisfy the City's concerns.

The Honorable Frank Maas                                                                                          Page 4
February 1, 2016

**New York City's position.**

I.     Mr. Khurana is Not Entitled to Take Mr. Befort's Deposition

Mr. Khurana seeks a reward of $75 to $125 million of the restitution the City received from SAIC as part of the March 2012 deferred prosecution agreement that resulted from an exhaustive joint investigation by the City of New York Department of Investigation ("DOI") and the US Attorney for the SDNY into a massive kickback and fraudulent billing scheme by consultants and contractors developing an automated payroll and timekeeping system for the City ("CityTime"). The City opposes Mr. Khurana's motion on the grounds that Mr. Khurana filed his complaint after there had already been significant public reporting about problems with CityTime and after public disclosure of the fraud in a criminal complaint on December 15, 2010. *See* N.Y. Finance Law 190(9)(b) (the "Public Disclosure Bar").

Mr. Khurana asserts that he qualifies for the exception to the public disclosure bar for an "original source": a person who (a) prior to the public disclosure voluntarily disclosed to the state or local government "the information on which allegations or transactions in a cause of action are based" or (b) "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the state or a local government before or simultaneous with filing an action under this article." N.Y. Finance Law § 188(7). Khurana bears the burden of proving that he is an original source. *See e.g.*, *United States ex. rel. Winkelman v. CVS Caremark Corp.*, Civ. No. 11-11398-DJC, 2015 U.S. Dist. LEXIS 99674, at *27 (D. Mass July 29, 2015).[4] Mr. Khurana relies on his own affidavit in which he claims he provided DOI "important evidence" and asserts, based only on self-serving inferences, that his information led to the discovery of SAIC's role in the fraud.[5] *See* Ex. 1 (Affidavit of Vinod Khurana dated April 1, 2013 ("Khurana Aff.") ¶¶ 25-29).

In order to respond to Mr. Khurana's assertions regarding his supposed role in uncovering SAIC's fraud, the City submitted an affidavit from Matthew Befort, a former DOI investigator, describing DOI's CityTime investigation. *See* Ex. 2 (Affidavit of Matthew Befort dated April 13, 2015 ("Befort Aff")). Mr. Befort states that two emails Mr. Khurana sent in February 2009 contained vague allegations and suspicions of wrongdoing and were of little use to DOI. Befort Aff. ¶¶ 22-32. Mr. Befort also summarizes two meetings DOI conducted with Mr. Khurana at his request on December 22, 2010 and February 22, 2011 and the emails Mr. Khurana sent DOI after the December 22 meeting, explaining that the information Mr. Khurana provided was not useful, did not add to what was publicly disclosed, or was insignificant in light of the scope of DOI's investigation. *Id.* ¶¶ 26-40, 50-53. Mr. Befort also explains that DOI was investigating SAIC prior to the first time DOI met with Mr. Khurana. *Id.* ¶¶ 46-49.[6]

---

[4] Courts look to federal law in interpreting the New York False Claims Act. *See Chen v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 305 (S.D.N.Y. 2013).

[5] For example, Mr. Khurana asserts that he laid out the "chain of command that implicated SAIC as the party ultimately responsible for the fraud" and that while "investigators focused on lower levels of fraud in the CityTime project," he "consistently led anyone who was interested to the top of the scheme and the big money involved." Khurana Aff. ¶¶ 25, 35.

[6] When the City re-served its opposition papers on January 15, 2016, it re-submitted the Befort affidavit and added DOI memoranda relating to the two meetings with Mr. Khurana.

The Honorable Frank Maas                                                                                                         Page 5
February 1, 2016

Despite the overbreadth of the document requests Mr. Khurana served after the City served its opposition in April 2015, the City agreed search the emails of over 20 custodians for periods of up to 8 ½ years and on December 31, 2015, produced documents relating to Mr. Khurana's communications with City agencies while he worked on the CityTime project and with DOI. Mr. Khurana now asserts he is entitled to take Mr. Befort's deposition because the City relies on his affidavit. Mr. Khurana has not cited any authority that he is entitled to any discovery in connection with his motion for a relator share. Moreover, there is no disputed factual issue that requires a deposition. Mr. Befort's affidavit sets forth the details of DOI's CityTime investigation and the role Mr. Khurana played in that investigation. Mr. Khurana has no personal knowledge regarding DOI's CityTime investigation and has no basis to dispute those facts. Mr. Befort also sets forth DOI's evaluation of the information Mr. Khurana provided. Mr. Khurana's self-serving assertions regarding the importance of the information he provided are neither fact nor sufficient to create a genuine factual dispute that requires further discovery. The City has already provided Mr. Khurana with reasonable discovery. It is not required to allow Mr. Khurana to conduct a fishing expedition in the hopes of finding some additional support for his claim to a relator share of $75 to $125 million.[7]

II.   The Subject Matter of the Complaints by Other Individuals to DOI and Identities of DOI Witnesses are Not Relevant to the Relator's Motion and are Privileged

Information that other sources and witnesses provided DOI and the identity of witnesses that spoke to DOI are wholly irrelevant to the dispute as to whether Khurana is an original source, which is factually dependent solely on the information that <u>he</u> provided to DOI. This information will shed no light on the only relevant questions: whether Khurana provided the information in his complaint to DOI prior to the public disclosures or whether Khurana provided information to DOI that materially adds to what was publically disclosed. *See* N.Y. Finance Law 188(7) (defining original source).

Even if the information Khurana seeks were relevant, it is protected by the law enforcement privilege and the public interest privilege. The "law enforcement privilege plays a critical role in litigation involving the government." *Dinler v. City of New York*, 607 F.3d 923, 941 (2d Cir. 2010). Its purpose is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation. . . ." *Id.* There is a "strong presumption against lifting the [law enforcement] privilege." *Id.* at 945. Similarly, the public interest privilege "attaches to confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged." *Cirale v. 80 Pine Street*, 35 N.Y.2d 113, 117 (1974) (internal quotation marks omitted).

---

[7] If Mr. Khurana is entitled to a deposition, the City requests that he be required to take the deposition of Michael Siller, DOI General Counsel. The City recently learned that Mr. Befort has relocated to Seattle. While Mr. Befort will cooperate if his deposition is required, the City would like to minimize the burden on a former, relatively junior City employee. Mr. Siller was present at both of Mr. Khurana's meetings with DOI and also received the emails that Mr. Khurana sent DOI after his meeting with DOI on December 22, 2010 and can testify regarding the information Mr. Khurana provided DOI.

The Honorable Frank Maas                                                                                                     Page 6
February 1, 2016

      There is a substantial public interest in protecting the identity of sources and witnesses that speak with DOI, particularly in connection with investigations into bribery, kickbacks, and fraud. Disclosure of their identities would have a chilling effect on future complainants and potential witnesses, impairing DOI's "ability to develop and protect such sources and information in future investigations." *Pinks v. Turnbull*, 13 Misc. 3d 1204(A), *11-12 (N.Y. Cty. 2006); *see also Espady v. City of New York*, 40 A.D. 3d 475, 476 (1st Dep't 2007). The law enforcement privilege and the public interest privilege also protect the City's need to take confidential steps in response to complaints to prevent fraud in its contracting. To overcome these privileges, Khurana must show a compelling need. *Dinler* at 945. Because the information he seeks is wholly irrelevant to his motion, Khurana has failed to show any need, let alone a compelling need, to overcome these privileges.

      Moreover, the City has not waived these privileges. The "key" to finding waiver is some showing "that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense." *Koumoulis v. Indep. Fin. Mktg. Group*, 295 F.R.D. 28, 40 (E.D.N.Y. 2013). The City does not rely on the fact that there were other complaints made to DOI or that Khurana happened to mention witnesses that DOI interviewed. Mr. Befort merely provides background information that DOI received multiple complaints regarding CityTime. Befort Aff. ¶ 4. He also describes a critical piece of information that a source provided DOI in June 2010; Mr. Khurana does not claim that he is that witness. Similarly, Mr. Befort states that DOI did not contact any of the individuals Khurana mentioned as a result of information Khurana provided, but rather than withhold the information, clarifies that DOI's list of interviewees did overlap with three individuals Khurana mentioned. Befort Aff. ¶ 55-57. Information that merely appeared in the Befort affidavit as background and clarification cannot be construed as a waiver of the public interest and law enforcement privileges designed to protect witness identity and law enforcement techniques.

                                 Respectfully submitted,

| | |
|---|---|
|     /s/ David E. Kovel |     /s/ Sabita Krishnan |
| By: David E. Kovel | By: Sabita Krishnan |
| Kirby McInerney LLP | ZACHARY W. CARTER |
| 825 Third Avenue, 16th Floor | Corporation Counsel for the City of |
| New York, NY 10022 | New York |
| Tel:  (212) 371-6600 | 100 Church Street |
| Fax:  (212) 751-2540 | New York, NY 10007 |
| dkovel@kmllp.com | Tel: (212) 356-2273 |
| | Fax: (212) 356-2038 |
| | skrishna@law.nyc.gov |
| | |
| *Counsel for Relator* | *Attorneys for the City of New York* |