AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| STATE OF NEW YORK EX REL VINOD KHURANA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15 Civ. 06605-JFK |
| SPHERION CORP. (N/K/A SFN GROUP, INC.) | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mark Mazer

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: FCI Low Allenwood<br>Rt. 15, 2 Miles North of Allenwood<br>Allenwood, PA 17810 | Date and Time:<br>11/19/2018 10:00 am |
|---|---|

The deposition will be recorded by this method: Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff-Relator Vinod Khurana_____, who issues or requests this subpoena, are:

David Kovel, Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, NY 10022, dkovel@kmllp.com, (212) 371-6600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15 Civ. 06605-JFK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff-Relator Vinod Khurana, by and through his undersigned counsel, requests the production of Mark Mazer for deposition testimony concerning the topics specified below, at a place and time specified in the attached subpoena, in a manner prescribed by the Federal Rules, and in accordance with the Definitions and Instructions provided herein.

## DEFINITIONS

The following definitions apply to this subpoena without regard to capitalization. Notwithstanding any definition set forth below, each word, term, or phrase used in this Schedule A is intended to have the broadest meaning permitted under the Federal Rules and Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules").

1. "You" and "Your" refer to Mark Mazer or any other person or entity, foreign or domestic, acting, authorized to act, or purporting to act on behalf of Mark Mazer.

2. "CityTime project" means as it is described in Relator's allegations in the operative complaint in this action.

3. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

4. "DA Solutions" means DA Solutions, Inc. and its employees.

5. "Defendant" refers to defendant Spherion Corp. (now known as SFN Group, Inc.) and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6. "Employee" means, without limitation, current and former employees, officers,

directors, executives, managing agents, partners, managers, supervisors, boards of directors, committees of boards of directors, consultants, contractors, subcontractors, representatives and agents (including accountants, advisors, and attorneys, and the employees and investigators of such attorneys), divisions, subdivisions, branch, office, predecessors, successors, assigns, any other person that is paid directly or indirectly, and any other person acting, purporting to act, or authorized to act on another's behalf or under another's direction or control.

7. "Including" means including but not limited to.

8. "Person" means any natural person or any legal entity, including any business or governmental entity or association.

9. "Relator" refers to Plaintiff-Relator Vinod Khurana.

10. The words "and" and "or" shall be construed in the disjunctive or the conjunctive so as to bring within the scope of these topics the broadest range of information.

11. The words "any," "each," and "all" shall be construed as synonymous so as to bring within the scope of these topics the broadest range of information.

12. The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

13. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions apply to this subpoena.

1. Unless otherwise stated, these topics cover the time period from June 1, 2004 through June 30, 2007 (the "relevant period"). The topics seek all responsive information concerning the relevant period. Relator reserves the right to extend the relevant period if circumstances warrant.

2. Except for topics that expressly reference another topic, each topic shall be construed independently and not by reference to any other topic for the purpose of limitation or exclusion.

3. For purposes of reading, interpreting, and construing the scope of these topics, the terms used in the topics shall be given their most expansive and inclusive ordinary meaning.

4. If you file a timely objection to any portion of this subpoena, provide a response to the remaining portion.

### DEPOSITION TOPICS

1. The organizational structures of Defendant and its employees, including DA Solutions, concerning the CityTime project.

2. The management of Defendant's responsibilities of the CityTime project by Defendant, DA Solutions, other employees, subject matter experts, etc.

3. The policies and procedures for reviewing and taking disciplinary actions against employees associated with the CityTime project.

4. The terms and conditions of Relator's employment or contractual relationship with Defendant and any changes thereto.

5. Relator's responsibilities and work product for Defendant, including the instructions and directives that Defendant gave to Relator.

6. Your responsibilities and work product concerning the CityTime project.

7. All disciplinary actions taken against Relator, including warnings and termination, as well as the identities of all individuals involved in taking or recommending those actions and their bases for doing so.

8. Disciplinary actions, including warnings and termination, taken against any employee other than Relator who participated in the CityTime project, as well as the identities of all individuals involved in taking or recommending those actions and their bases for doing so.

Dated: November 14, 2018
New York, New York

*(signature)*
Hon. John F. Keenan