# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM
Of counsel
 Roger W. Kirby
 Alice McInerney

January 22, 2019

**VIA ECF & HAND DELIVERY**

Honorable John F. Keenan
United States District Judge
500 Pearl Street
New York, NY 10007-1312

Re: *The State of New York ex rel. Vinod Khurana, et al. v. Spherion Corp. (n/k/a SFN Group, Inc.)*, No. 15 Civ. 06605 (JFK)

Dear Judge Keenan:

We represent Plaintiff-Relator ("Relator") in the above-referenced matter. We respectfully request a pre-motion conference to file a motion, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 2(A) of Your Honor's Individual Practices, to allow the filing of the Second Proposed Third Amended Complaint ("Second TAC"), attached hereto.[1] Spherion's counsel has been consulted and oppose this motion.

The Second TAC pleads additional dispositive facts that were obtained through discovery in this litigation since the Court's denial of Relator's previous motion to file the Proposed Third Amended Complaint ("First TAC"). The Second TAC adds no new claims, parties, or theories of recovery to the First TAC but instead, adds several paragraphs directed to remedying the lack of Rule 9(b) particularity that this Court identified as grounds for holding that the First TAC's Quality Assurance ("QA") claim was futile. *See* April 21, 2017 Order at 24-27 (ECF No. 86) (hereinafter, the "Order").

In particular, the Second TAC incorporates by reference an actual invoice sent by Defendant Spherion to New York City for CityTime QA services purportedly performed by Spherion consultants, for which New York City never received the benefit. *See* Second TAC ¶¶ 69-73. Deposition testimony by a former Spherion manager, Howard Cohen, authenticated this invoice as submitted to the City as a claim for payment. The invoice contains specific dates and dollar amounts, the name of the Spherion employee and manager who submitted it, the names of the consultants billed out by Spherion, and in the case of Relator, the nature of his work for which Spherion billed. This is concrete, particularized evidence of a false claim that the Court declared to be missing when it held that the First TAC's QA claim was futile. *See* Order at 26.

The Second TAC also newly alleges, based on recent deposition testimony, that Spherion's QA responsibilities included adequate performance, automation, and functional

---

[1] A redline against the current complaint can be provided at the Court's request.

**Kirby McInerney LLP**

Hon. John F. Keenan
January 22, 2019
Page 2

testing, and identifying conflicts of interest and unqualified workers. *See* Second TAC ¶¶ 63, 66, 67. The Second TAC adds allegations showing that Spherion actively undermined its own testing function. *See id.* ¶¶ 64-66. Furthermore, the Second TAC adds allegations that Spherion (by way of Mr. Cohen) was aware that its consultants were hiring incompetent personnel (through companies involved in the kickback scheme) but ignored this because they had a strong financial incentive to continue the project. Indeed, Mr. Cohen was handsomely compensated by commission, which was based on the wages billed for consultants. *See id.* ¶¶ 65-67, 74. Spherion also intentionally refused to terminate unqualified consultants. Relator reported two such consultants to Spherion. Rather than performing its duty to ensure qualified staff, Spherion retaliated against Relator first by demoting him to automation testing and then firing him. *See id.* ¶¶ 64, 67.

The Second TAC also alleges Spherion's admission, by way of its deposed corporate representative, that in "hindsight," performance was poor. However, Relator and others provided Spherion with this information at the time but Spherion ignored it and instead punished Relator. *See id.* ¶¶ 65-67. Also, Mark Mazer, the Spherion consultant who controlled the CityTime project and was convicted of conducting a kickback scheme as part of the project, asserted his Fifth Amendment right against self-incrimination during his deposition when asked whether, through his kickback scheme, he hired unqualified workers to slow down the project and fired consultants who reported on the unqualified hires and project. *See id.* ¶ 68.

Respectfully, the Court should allow Relator to file the Second TAC for the purpose of allowing Relator to revive his QA claim, which the Court has already held "raise[s] a plausible theory of factual falsity." Order at 24.

A motion to amend is governed by Fed. R. Civ. P. Rule 15(a), which states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. (15)(a)(2). The standard is a permissive one that favors a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011). The rule is "interpreted liberally, [and] an amendment is normally permitted." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 272 (S.D.N.Y. 2012) (quotation marks omitted). "[A] Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005) (quotation marks omitted).

This motion is timely, as it has been brought within a month of the December 20, 2018, deposition in which Relator's counsel obtained authentication of, and testimony giving context to, the invoice sought to be incorporated into the TAC. In any event, "delay, standing alone, is an insufficient basis to deny leave to amend." *United States v. Cont'l Ill. Nat. Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

Spherion will suffer no unfair prejudice as a result of Relator's proposed amendment. "In

**Kirby McInerney LLP**

Hon. John F. Keenan
January 22, 2019
Page 3

gauging prejudice, [the court] consider[s], among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or *significantly delay the resolution of the dispute*." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (quotation marks omitted) (emphasis added). Neither of these factors applies here. The amendment does not add new claims or parties or expand the scope of Spherion's alleged liability or the City's injury. Both parties thoroughly questioned deposition witnesses concerning Spherion's QA related activities, and the invoice in particular was the subject of questions at the December 20, 2018 deposition of Mr. Cohen. Defendant has already received notice of this claim, prior to discovery by way of the First TAC. Much of the evidence concerning the QA activities at issue would already be in Spherion's possession such that they are not prejudiced by a revival of Relator's QA claim, and no further discovery would be necessary.

Nor is the proposed amendment futile as it remedies the only purported defect identified by the Court. The Court has already held that the QA claim "raise[s] a plausible theory of factual falsity." Order at 24.

For these reasons, Relator respectfully requests a pre-motion conference to address his motion under Rule 15(a)(2).

Thank you for your continued consideration of these matters.

                                                        Respectfully submitted,

                                                           */s/ David E. Kovel*
                                                       David E. Kovel
                                                       **KIRBY McINERNEY LLP**
                                                       825 Third Avenue, 16th floor
                                                       New York, New York 10022
                                                       Telephone: (212) 371-6600
                                                       E-mail: dkovel@kmllp.com

cc:     All Counsel of Record (by Electronic Filing)