# SEYFARTH
## SHAW

Seyfarth Shaw LLP

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-3332

Writer's e-mail
hwexler@seyfarth.com

WASHINGTON, D.C.

SYDNEY

SHANGHAI

SAN FRANCISCO

SACRAMENTO

NEW YORK

MELBOURNE

LOS ANGELES

LONDON

HOUSTON

HONG KONG

CHICAGO

BOSTON

ATLANTA

January 28, 2019

**VIA ECF**
The Honorable John F. Keenan
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10022

> **Re:**   **State of New York *ex rel.* Vinod Khurana v. Spherion Corp. (n/k/a SFN Group, Inc.), No. 1:15-cv-06605-JFK-OTW**

Dear Judge Keenan:

This law firm represents SFN Group, LLC, f/k/a Spherion Corp. ("Defendant") in the above-referenced action.  We submit this opposition to Plaintiff's January 22, 2019 request for leave to file a "second" Third Amended Complaint ("TAC") (ECF 118). Plaintiff's "quality assurance" ("QA") False Claims Act ("FCA") claim against Spherion has already been dismissed with prejudice and a motion to bring an immediate appeal of that dismissal was denied after extensive briefing.  Any further attempts to amend or resurrect this claim is barred by the doctrine of *res judicata*, and it would therefore be futile to even permit briefing on the request. Furthermore, the amendments are not based on facts recently obtained in discovery, but rather, are based upon an invoice which has been known to Plaintiff since at least 2016, and could have been previously asserted in the First Proposed TAC filed on December 12, 2016.  Instead, Plaintiff is trying to leverage stale evidence to attempt to revive his dismissed QA FCA claim, which attempts have been twice rejected by Your Honor. This Court should not countenance a last ditch effort to circumvent appellate review of the dismissed FCA claims and derail the litigation of the retaliation claims as a result.

In addition, Plaintiff's is not merely supplementing the QA FCA claim with information learned through Mr. Cohen's testimony. Without notice to the Court or the parties, Plaintiff has clandestinely added in a myriad of other changes to his complaint, which have nothing to do with any "new" evidence obtained in discovery.   While Plaintiff conveniently did not submit a redlined version of his proposed amendments, Spherion's comparison analysis revealed that Plaintiff has revised significant portions of his complaint in an attempt to recast his claims. (*See* Exhibit A, Redlined TAC, ¶¶ 16-17, 19, 20-22, 25, 27, 29, 30, 31, 35, 36, 39-40, 47, 55, 58, 60-74, 75-77, 80, 84, 86, 88, 89, 90-103, 106-107, 111-112. For instance, Plaintiff's amendment of Paragraph 80 inserts a claim about Mark Mazer that Plaintiff allegedly learned *in 2007.*



1. **Plaintiff's Proposed Amendment to his "Quality Assurance" FCA claim is Barred by the Doctrine of *Res Judicata***

Before the Court even contemplates undertaking a Rule 15 analysis, it must consider the threshold issue of *res judicata.* On April 21, 2017, this Court issued an Opinion and Order which stated, in relevant part that "Plaintiff's *qui tam* claims are dismissed with prejudice." *New York ex rel. Khurana v. Spherion Corp.*, No. 15 CIV. 6605, 2017 WL 1437204, at *10 (S.D.N.Y. Apr. 21, 2017) (Keenan, J.) (dismissing Plaintiff's vicarious liability, quality assurance, conflict of interest, and false billing claims pursuant to the New York State and New York City False Claims Acts) (ECF 86, p. 28).  This followed an earlier dismissal of the FCA claims, without prejudice, on November 10, 2016. (ECF 70).

The doctrine of *res judicata*, or claim preclusion, bars parties to a lawsuit from relitigating claims which were actually adjudicated in which there has been a final judgment on the merits. *See Commissioner v. Sunnen*, 333 U.S. 591, 597–98 (1948) ("Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel").  It is black letter law that "[a] dismissal with prejudice serves as an adjudication on the merits.") *Witchard v. Montefiore Med. Ctr.*, No. 05 CIV. 5957, 2007 WL 1284066, at *4 (S.D.N.Y. Apr. 27, 2007) (denying Plaintiff's motion to amend the First Amended Complaint where proposed breach of contract claim was already dismissed with prejudice, and finding that the amendment would be futile because it was barred by the doctrine of *res judicata)*. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *San Remo Hotel, L.P. v. City & Cty. of San Francisco, Cal.*, 545 U.S. 323, 336 n. 16 (2005) .  In other words, "when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy...." *SEC v. First Jersey Sec., Inc.,* 101 F.3d 1450, 1463 (2d Cir. 1996).

It is the law of this case that Plaintiff's FCA claims are dismissed with prejudice, amounting to an adjudication on the merits.  *See United States v. Crowley,* 318 F.3d 401 (2d Cir. 2003) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.").  The doctrine of *res judicata* therefore bars Plaintiff from re-litigating his QA FCA claim. *Chapple v. Fahnestock & Co. Inc.*, No. 03CV4989NGGJMA, 2005 WL 8157058, at *2 (E.D.N.Y. Sept. 16, 2005) ("I agree with defendant and find plaintiff's attempt to reassert the previously dismissed [with prejudice] claims . . . to be improper.").[1]

Plaintiff is well aware that he has had his day in this District Court on his FCA claims, which is why he previously sought Rule 54(b) Certification of the Court's April 21, 2017 Order (which dismissed his FCA claims with prejudice) so that he could appeal their dismissal in the Second Circuit. Ironically, in his supporting Memorandum of Law, he concedes: "dismissal without leave to amend is 'plainly a final disposition' as it 'ends the litigation [of that claim] on the merits

---

[1]      The articulated basis for barring the QA claim amendments under *res judicata* applies fully to the remainder of Plaintiff's proposed amendments to the Complaint, which are vast in scope. and certainly not limited to new information only recently learned in deposition testimony.



and leaves nothing for the court to do" and "the *qui tam* claims are finally decided." (ECF 92, p. 3). Spherion *could not agree more* with Plaintiff's analysis of the final dismissal of his QA claims.[2]

### 2. The Proposed Amendments Are Futile

Regardless of the *res judicata* bar, Plaintiff still cannot meet his burden under Fed. R. Civ. P. 15(a) for leave to file the TAC. Reasons to deny an amendment "include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *New Amsterdam Capital Partners, LLC v. Wilson*, No. 11 Civ. 9716, 2015 WL 1137576, at *2 (S.D.N.Y. Mar. 13, 2015).

First, even if it is within this Court's power to allow a party to amend a dismissed claim, Plaintiff's proposed motion would certainly be denied, as Plaintiff's proposed amendments to the FCA claim easily could have been asserted in the First Proposed TAC, filed on December 12, 2016. For instance, the invoice upon which Plaintiff now relies and claims to be "new" has been in his possession for more than two years as it was part of the City of New York's document production relating to Plaintiff's Motion for the Relator's Share in 2016. Any belated realization by Plaintiff that the invoice supports Plaintiff's dismissed QA claim does not justify the two-year delay. *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waiting until after judgment before requesting leave, a court may exercise its discretion more exactingly."). The delay (and prejudice to Spherion) is particularly inexcusable because the matter remained under seal from 2011 to 2015, giving Plaintiff every chance possible to amend his complaint before the matter was unsealed and finally served upon Spherion. The prejudice to Spherion resulting from being in the dark for four years, unable to mount a defense to these old claims, and then being forced to reply to Plaintiff's constant belated attempts to recast his claims to avoid dismissal cannot be understated.

And, although Plaintiff contends that Mr. Cohen's testimony regarding the July 26, 2005 invoice satisfies some ill-defined authentication requirement, nothing prevented Plaintiff from asserting in a previous Complaint iteration: "*Upon information and belief*, the July 26, 2005 invoice was submitted for reimbursement from Spherion." The Federal Rules do not require attestation to every assertion in a Complaint.[3] Plaintiff should not be allowed to sit on a document for over two years, finally decide to read it, and then try, yet again, to amend a dismissed claim after discovery is over and depositions have been taken.[4] *See CL–Alexanders Laing & Cruickshank v. Goldfeld*, 739

---

[2]    To be clear, although Plaintiff ultimately lost his motion for certification under Rule 54(b), the dismissal of the *qui tam* claims is still nevertheless final. The denial of Plaintiff's motion simply foreclosed Plaintiff's goal of pursuing an immediate and piecemeal interlocutory appeal on as to less than all of his claims, while his retaliation claim was still alive. (ECF 96).

[3]    *See* Fed. R. Civ. P. 11(a) ("a pleading need not be verified or accompanied by an affidavit").

[4]    The testimony in question was elicited during the December 20, 2018 deposition of Howard Cohen concerning Plaintiff's remaining retaliation claim. Despite the fact that this witness was presented by Spherion, Mr. Cohen has not worked for Spherion in years, appeared for the deposition, and was not paid for his time. It would be equally burdensome for Mr. Cohen to have to be subjected to supplemental deposition questioning about the FCA claims, which would surely be necessary if Plaintiff is allowed the amend the "quality assurance" claim.



F.Supp. 158, 167 (S.D.N.Y. 1990) ("When the motion [to amend] is made after discovery has been completed . . . leave to amend is particularly disfavored because of the resultant prejudice to [the] defendant.").

Secondly, the amendments would still be futile. A plaintiff alleging false claims under the NYS FCA or the NYC FCA must plead with particularity the circumstances constituting fraud in accordance with Federal Rule of Civil Procedure 9(b). *Khurana*, 2017 WL 1437204, at *8 (finding that Plaintiff's assertion if fraud in the [first] proposed TAC failed to set forth the "who, what, when, where and how of the alleged fraud.") (Keenan, J.). Nothing in the invoice satisfies the Rule 9(b) issues the Court previously noted. In fact, discovery has revealed, both through depositions of Spherion witnesses, and Plaintiff himself, that these billed consultant hours *were truly worked*. Nothing in the invoice or Mr. Cohen's testimony negates this. Plaintiff's penchant for playing "Monday morning quarterback" to dispute the quality of the work performed by everyone at Spherion (*but himself*) does not automatically convert an otherwise innocuous invoice into proof of a multi-million dollar fraud. As such, the amendment is futile. *See Jian Lin v. Toyo Food, Inc.*, No. 12 Civ. 7392, 2016 WL 4502040 (S.D.N.Y. Aug. 25, 2016) (denying amendment as futile).

Most significantly, Spherion stands to be severely prejudiced by an amendment to a dismissed claim. Despite Plaintiff's misguided proposition that discovery has been taken concerning the QA claim resulting in no prejudice if he was allowed to amend again, Spherion invested considerable time and expense to twice obtain the dismissal of the FCA claims over the last three years. The discovery and litigation now are focused entirely on the retaliation claims, which are the only claims that the Court allowed to pass the motion to dismiss stage. Spherion should not be put in a position where these claims may be re-asserted against it as this matter progresses toward dispositive motion and trial on the limited retaliation claims. Such is not the law, nor can it be.

Allowing the amendment would therefore unfairly prejudice Spherion and simultaneously reward Plaintiff by giving him the benefit of the *fifth* bite at the apple, after testing the same unsuccessful theory in motion practice *twice. See Treppel v. Biovail Corp.*, No. 03–CV–3002, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005) (finding "that leave to amend would be futile because [the] plaintiff has already had two bites at the apple and they have proven fruitless."); *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08–CV–5048, 2009 WL 4544287, at *5 (S.D.N.Y. Dec. 4, 2009) ("To the extent [the p]laintiffs argue that they should have yet another bite at the apple after having had the additional benefit of the [c]ourt's explication of the shortcomings of the complaint, such a position must be rejected, as it is by now well-established that plaintiffs are not entitled to an advisory opinion from the [c]ourt informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies." Spherion requests that the Court indulge Plaintiff no more.

3. **Plaintiff's Motion for Leave Would Violate Rule 11(b)**

Spherion recognizes that the Court raised questions procedurally as to whether it can prohibit Plaintiff from filing a motion, despite the motion not having "much gasoline." As Spherion counsel noted at the January 23, 2019 Conference, our view is that the proposed amendment's futility would render the motion frivolous under Rule 11 and it should be rejected *sua sponte* by the



Court so that Spherion is not forced to incur the time and effort to oppose yet another meritless attempt to revive Plaintiff's dismissed *qui tam* claims.

Plaintiff's unhappiness with the trajectory of his litigation (i.e., this Court's: Granting, in part, of the Defendant's Motion to Dismiss the SAC (ECF 70), the Denial of Plaintiff's Motion for a Realtor's Share (ECF 84), the Denial of Plaintiff's Motion for Leave to file a TAC, (ECF 86), and the Denial of Plaintiff's 54(b) Motion (ECF 96), does not give him free-reign to upend the Federal Rules of Civil Procedure in an attempt to avoid the Court's previous rulings that have been unfavorable to him. It is obvious that Plaintiff's goal is a Second Circuit appeal of the dismissal of his FCA claims, but Plaintiff is not there yet.  He has no right to pursue an appeal by amendment in this matter.

It is therefore respectfully requested that this Court deny Plaintiff's request to file a motion for leave to file a Second Proposed TAC. We thank the Court for its attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP


*/s/ Howard Wexler*
Howard Wexler, Esq.


cc:     All Counsel of Record (ECF)