UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF NEW YORK *EX REL* VINOD KHURANA and THE CITY OF NEW YORK *EX REL* VINOD KHURANA,<br><br>                Plaintiffs,<br><br>v.<br><br>SPHERION CORP. (N/K/A SFN GROUP, INC.),<br><br>                Defendant. | Case No. 15-cv-06605-JFK |

**RELATOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE [SECOND PROPOSED] THIRD AMENDED COMPLAINT**

 

**KIRBY McINERNEY LLP**
David Kovel
David Bishop
825 Third Avenue, 16th Floor
New York, NY  10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: dkovel@kmllp.com
         dbishop@kmllp.com

*Counsel for Plaintiff-Relator*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ....................................................................................................................................... 3

    I.    *Res Judicata* Does Not Preclude Filing of the Second TAC ................................. 3

    II.    Legal Standard ........................................................................................................ 5

    III.    The Proposed Amendment Is Not Futile ................................................................ 6

        A.    The Second TAC Alleges a Claim for False Certification of Quality Assurance Services ................................................................................................. 6

            1.    Additional New Facts Alleged ......................................................... 8

            2.    Allegations from the First TAC ..................................................... 10

    IV.    Relator's Motion for Leave to Amend Is Timely, in Good Faith and Would Not Prejudice Defendants ............................................................................................. 11

        *Timeliness* ............................................................................................................. 11

        *Prejudice* .............................................................................................................. 13

CONCLUSION ................................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADL, LLC v. Tirakian*,
    No. 06 Civ. 5076, 2010 WL 3925131 (E.D.N.Y. Aug. 26, 2010) .................................. 13

*ADL, LLC v. Tirakian*,
    No. 06 Civ. 5076, 2010 WL 3926135 (E.D.N.Y. Sept. 29, 2010) .................................. 13

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*,
    404 F.3d 566 (2d Cir. 2005) ............................................................................................ 5

*Algonquin Power Income Fund v. Christine Falls of New York, Inc.*,
    362 Fed. App'x 151 (2d Cir. 2010) ................................................................................. 3

*American Med. Ass'n v. United Healthcare Corp.*,
    No. 00 Civ. 2800 (LMM), 2006 WL 3833440 (S.D.N.Y. Dec. 29, 2006) ....................... 11

*In re AMF Bowling Secs. Litig.*,
    No. 99 Civ. 3023, 2003 WL 2012401 (S.D.N.Y. May 2, 2003) ..................................... 13

*Arizona v. California*,
    460 U.S. 605 (1983) ........................................................................................................ 3

*ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007) ............................................................................................ 14

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*,
    866 F. Supp. 2d 257 (S.D.N.Y. 2012) ............................................................................. 5

*Flonnes v. Prop. & Cas. Ins. Co. of Hartford*,
    No. 12 Civ. 01065, 2013 WL 3109381 (D. Nev. June 17, 2013) ..................................... 4

*Foman v. Davis*,
    371 U.S. 178 (1962) .................................................................................................. 5, 13

*Gibson v. Credit Suisse AG*,
    No. 10 Civ. 001, 2012 WL 1253007 (D. Idaho Mar. 30, 2012) ....................................... 4

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*,
    26 F. Supp. 2d 593 (S.D.N.Y. 1998) ............................................................................. 14

*Laurent v. G & G Bus Serv., Inc.*,
    No. 10 Civ. 4055 (JGK), 2011 WL 2693651 (S.D.N.Y. July 11, 2011) ............................ 4

*Microbanc LLC v. InspireMD, Inc.*,
    No. 16 Civ. 3860 (LTS), 2018 WL 522335 (S.D.N.Y. Jan. 22, 2018) ............................... 4

*New York v. Green*,
    420 F.3d 99 (2d Cir. 2005) .............................................................................................. 5

*Oliver Schools, Inc. v. Foley*,
    930 F.2d 248 (2d Cir. 1991) .......................................................................................... 14

*Pangburn v. Culbertson*,
    200 F.3d 65 (2d Cir. 1999) .............................................................................................. 5

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
    No. 14 Civ. 9443 (ER), 2016 WL 2859622 (S.D.N.Y. May 16, 2016) ........................... 14

*Richman v. W.L. Gore & Assocs., Inc.*,
    988 F. Supp. 753 (S.D.N.Y. 1997) ................................................................................. 4

*Ruotolo v. City of N.Y.*,
    514 F.3d 184 (2d Cir. 2008) .......................................................................................... 13

*Singh v. Cigna Corp.*,
    No. 16 Civ. 00182, 2017 WL 3835604 (D. Conn. Sept. 1, 2017) .................................. 14

*Snall v. City of New York*,
    No. 00-7375, 2000 WL 1847664 (2d Cir. 2000) ............................................................. 4

*State Farm Mut. Auto. Ins. Co. v. Grafman*,
    No. 04 Civ. 2609, 2007 WL 7704666 (E.D.N.Y. May 22, 2007) .................................. 11

*System Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
    160 F. Supp. 2d 580 (S.D.N.Y. 2001) ............................................................................. 5

*Taberna Cap. Mgmt., LLC v. Jaggi*,
    No. 08 Civ. 11355 (DLC), 2010 WL 1424002 (S.D.N.Y. Apr. 9, 2010) ....................... 13

*United States for and on Behalf of Maritime Admin. v.*
    *Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*,
    889 F.2d 1248 (2d Cir. 1989) .................................................................................. 11, 13

*U.S. ex rel. Kester v. Novartis Pharm. Corp.*,
    23 F. Supp. 3d 242 (S.D.N.Y. 2014) ............................................................................ 6, 7

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011) ................................................................................................. 5

**Rules**

Fed. R. Civ. P. Rule 9(b) ......................................................................................................... *passim*

Fed. R. Civ. P. Rule 11(b) ............................................................................................................. 12

Fed. R. Civ. P. 15(a) ................................................................................................................ 1, 5

Fed. R. Civ. P. Rule 54(b) ..................................................................................................... 3, 4, 5

U.S. Dist. Ct. Rules S.&E.D.N.Y., Civ. Rule 6.3 ....................................................................... 4, 5

Plaintiff-Relator Vinod Khurana ("Relator") respectfully moves under Fed. R. Civ. P. 15(a) for leave to file his Second Proposed Third Amended Complaint ("Second TAC"), which is attached hereto as Exhibits A (previously filed with the Court on January 22, 2019 (ECF No. 118-1)) and B (redline against the First Proposed Third Amended Complaint ("First TAC")).

The Court has already ruled that Relator has pled a viable claim for retaliation under the False Claims Act under the Second Amended Complaint ("SAC"). Opinion & Order dated November 10, 2016 (ECF No. 70). The Court later denied Relator's motion to file its First TAC, holding that the amendments were futile on the grounds that Relator was not an original source of his vicarious liability claims, and that, respecting his conflict of interest claims, Relator did not sufficiently allege a false certification in connection with an actual claim for payment. Opinion & Order dated April 21, 2017 (ECF No. 86) (the "Order"). At the same time, the Court did hold that Relator pled a "plausible theory of factual falsity" concerning his Quality Assurance ("QA") claim, but that it was nonetheless futile for failing to satisfy Rule 9(b)'s particularity standard by providing "identifying information about these claims for payment – including who submitted the claims, what the claims requested payment for, or when they were submitted – nor does Plaintiff provide any example claims." Order at 24, 26-27.

Relator's filing of the Second TAC is for the discrete purpose of addressing the shortcomings in the QA claim identified by the Court. Although certain of the new allegations contained in the Second TAC support the dismissed vicarious liability and conflict of interest claims, Relator does not seek to revive those claims. Rather, Relator seeks only a ruling on the viability of the QA claim now that discovery has resulted in new facts and evidence that resolve in Relator's favor the dispositive weakness the Court identified in the QA claim.

In particular, the Second TAC incorporates by reference an actual invoice sent by Defendant Spherion to New York City for CityTime QA services purportedly performed by Spherion consultants, for which New York City never received the benefit. *See* Second TAC ¶¶ 64-66. Deposition testimony by a former Spherion manager, Howard Cohen, authenticated this invoice as submitted to the City as a claim for payment. *See id.* at ¶ 71. The invoice contains specific dates and dollar amounts, the name of the Spherion employee and manager who submitted it, the names of the consultants billed out by Spherion, and in the case of Relator, the nature of his work for which Spherion billed. This is concrete, particularized evidence of a false claim that the Court declared to be missing when it held that the First TAC's QA claim was futile. *See* Order at 26. The Second TAC also newly alleges, based on recent deposition testimony, that Spherion's quality assurance responsibilities included adequate performance, automation and functional testing, and identifying conflicts of interest and unqualified workers. *See* Second TAC ¶¶ 46, 66-67. The Second TAC adds allegations showing that Spherion actively undermined its own testing function. *See id.* at ¶¶ 60, 63-65. Further, the Second TAC adds allegations that Spherion (by way of Howard Cohen) was aware that its consultants were hiring incompetent personnel (through companies involved in the kickback scheme) but ignored this because they had a strong financial incentive to continue the project. Finally, Spherion also intentionally refused to terminate unqualified consultants.

Since Spherion was served in this action, Relator only sought to amend his complaint *one other time*. *See* Notice of Removal (ECF No. 1-1) (showing previous amended complaints),[1] and First TAC (ECF No. 73-1). Allowing amendment now would be proper because: (1) much of the

---

[1] The previous amendments made in state court (1) updated the complaint based on new information developed during the prosecution of the CityTime scandal and (2) removed parties after the settlements between the government and SAIC. *See* ECF No. 1.

2

newly alleged information comes from documentary discovery produced by the City of New York which was unavailable when Relator filed the operative SAC in New York State court on July 13, 2015 (*see, e.g.*, internal Spherion and City emails cited at Second TAC ¶¶ 39-41, 84, 95, 100-02), and deposition testimony taken within the last two months (*see, e.g.*, testimony of Howard Cohen, Sanjay Arya, Mark Mazer and Thomas Roach at Second TAC ¶¶ 61-68, 71, 73, 86), after Relator had sought leave to file the First TAC on December 12, 2016; (2) the amendment will not prejudice Defendant Spherion Corp.; and (3) the amendment is not futile, as the new allegations, which are based on new documents and testimony directly satisfy infirmities identified by the Court in its decision to deny leave to amend the First TAC.

## ARGUMENT

**I.**     ***Res Judicata* Does Not Preclude Filing of the Second TAC**

Defendant has indicated in its letter dated January 28, 2019 its belief that principles of *res judicata*[2] preclude the Court from allowing an amendment of the QA claim because the Court has dismissed it "with prejudice."  This is wrong on several grounds.

*Res judicata* does not apply to decisions made within the same proceeding.  "[T]he law 'is clear that *res judicata* and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment.'"  *Algonquin Power Income Fund v. Christine Falls of New York, Inc.*, 362 F. App'x 151, 154 (2d Cir. 2010) (quoting *Arizona v. California*, 460 U.S. 605, 619 (1983)).  None of the cases cited in Spherion's letter apply *res judicata* within the same proceeding.

Rule 54(b) provides that "any order or other decision … that adjudicates fewer than all the claims … may be revised at any time before the entry of a judgment adjudicating all the claims…"

---

[2] *See* Spherion Letter dated January 28, 2019 (ECF No. 119) at 2.

3

That is, unless the court directs "entry of a final judgment as to one or more, but fewer than all, claims or parties…" Fed. R. Civ. P. 54(b). Here, the Court rejected a motion to so designate its order dismissing the QA claim. Opinion & Order dated June 20, 2018 (ECF No. 96).

Claims dismissed "'with prejudice' [] can be revived if the plaintiff is able successfully to move to file an amended complaint that states plausible federal claims." *Laurent v. G & G Bus Serv., Inc.*, No. 10 Civ. 4055 (JGK), 2011 WL 2693651, at *1 (S.D.N.Y. July 11, 2011). Here, Relator seeks to amend the complaint in order to plead new facts not available at the time that the claims were dismissed with prejudice. In such a case, the Court can treat the motion to amend as one to reconsider based on the availability of new evidence, under Local Civil Rule 6.3. *See Microbanc LLC v. InspireMD, Inc.*, No. 16 Civ. 3860 (LTS), 2018 WL 522335, at *3 (S.D.N.Y. Jan. 22, 2018) ("the Court construes Plaintiff's motion for leave to amend with respect to those claims [dismissed with prejudice] as a motion for reconsideration.").[3]

The motion for leave to file the Second TAC, even if construed as a motion for reconsideration, is not untimely. Local Civil Rule 6.3 provides that a motion to reconsider must be made within fourteen days of entry of the order in question. However, this time limit does not apply when the motion for reconsideration is based upon newly discovered evidence. *See Snall v. City of New York*, No. 00-7375, 2000 WL 1847664, at *3 (2d Cir. 2000) ("Among the reasons that justify allowing late-filed motions for reconsideration are 'the availability of new evidence.'") (quoting *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997)). "A Rule

---

[3] *See also Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, No. 12 Civ. 01065, 2013 WL 3109381, at *2 (D. Nev. June 17, 2013) (revising dismissal from with to without prejudice under Rule 54(b) before considering granting leave to amend); *Gibson v. Credit Suisse AG*, No. 10 Civ. 001, 2012 WL 1253007, at *3-4 (D. Idaho Mar. 30, 2012) (deeming motion to amend claim dismissed with prejudice as one for reconsideration, allowing claim, citing Rule 54(b) and newly-discovered facts).

54(b) motion is not untimely under Local Rule 6.3 if the evidence upon which the motion is based is newly-discovered." *System Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001).

As described more fully in this brief's discussion of the lack of undue delay (*infra* at Section IV), the Second TAC alleges newly discovered evidence that was not available to the Relator at the time of the Court's April 21, 2017 Order dismissing the QA claim with prejudice. Relator moved to file the Second TAC less than a month after it received important deposition testimony that among other things buttressed its QA claims and provided an example of a false claim for reimbursement submitted to the government that the Court found wanting in its decision to dismiss the claim with prejudice.

## II.   Legal Standard

A motion to amend is governed by Fed. R. Civ. P. Rule 15(a), which states that leave to amend "shall be freely given when justice so requires."  The standard is a permissive one that favors a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (referring to the "relaxed standard" for motions to amend).  The rule is "interpreted liberally, [and] an amendment is normally permitted." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 272 (S.D.N.Y. 2012) (internal quotation and citation omitted).  "[A] Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal quotation and citation omitted); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III.     The Proposed Amendment Is Not Futile**

The Court, in its April 21, 2017 Order denying Relator's motion to file the First TAC, stated that the QA claim *did* allege "a plausible theory of factual falsity" that "Spherion presented claims for payment for [QA] that it did not actually provide, but outsourced to conflicted parties." Order at 24.  However, the Court held that these allegations did not satisfy the Rule 9(b) particularity requirements.  The Court found that, although Relator alleged that any claims for payment made to the City between 2004 and 2010 for quality assurance services were false claims:

> [T]his general assertion fails to set forth the "who, what, when, where and how of the alleged fraud."  Nowhere does Plaintiff provide identifying information about these claims for payment - including who submitted the claims, what the claims requested payment for, or when they were submitted - nor does Plaintiff provide any example claims.

*Id.* at 26-27.  As discussed below, the Second TAC successfully addresses this deficiency and will survive a motion to dismiss.  The proposed amendment is therefore not futile.

  **A.     The Second TAC Alleges a Claim for False Certification of Quality Assurance Services**

For the QA claim to satisfy Rule 9(b), Relator must provide sufficient identifying information about the alleged false claims submitted to the government or provide example false claims.  Order at 26.  Identifying information would include items such as "dates of claims, contents of claims, identification numbers, reimbursement amounts, goods or services provided, and individuals involved in the billing."  *Id.* (citing *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 258 (S.D.N.Y. 2014)).

The Second TAC meets this requirement by incorporating by reference an actual invoice sent by Defendant Spherion to New York City for CityTime QA services purportedly performed by Spherion consultants, for which New York City never received the benefit.  Second TAC ¶ 71. Deposition testimony by former Spherion manager and account executive responsible for

6

CityTime, Howard Cohen, authenticated this invoice, and confirmed that it was submitted to the City as a claim for payment. Kovel Decl. Ex. B (Cohen Dep. at 105:12-107:10). The invoice contains specific dates and dollar amounts, the name of the Spherion employee and manager who submitted it, the names of the consultants billed out by Spherion, and in the case of Relator, the nature of his work for which Spherion billed.

In particular, the invoice,[4] dated July 26, 2005 and submitted to the City's Office of Payroll Management (OPM) by Howard Cohen, purports to bill CityTime for the hours worked by sixteen consultants identified by name, including the Relator and fraud ringleaders Mark Mazer and Scott Berger. The invoice lists their pay rates, hours worked and a total billed amount of $319,289.94 for the pay period from May 29, 2005 through July 2, 2005. The sixteen consultants are divided between fourteen "subject matter experts" (SMEs) and a two member "Regression Team" that included Relator. Attached to the invoice are several "CityTime Project Status Reports" describing the meetings, activities and deliverables of the Relator for the period covered by the invoice. These status reports describe Relator as engaged in automation testing of various versions of CityTime software.

The allegation incorporating the invoice, along with allegations of Cohen's supporting testimony are sufficient to satisfy the Rule 9(b) particularity requirements identified in *Kester*, and that the Court previously relied on in dismissing the QA claim. The Second TAC is therefore not futile for purposes of granting leave to amend.

---

[4] The invoice is attached hereto as Exhibit A to the accompanying Declaration of David Kovel ("Kovel Decl.") dated February 8, 2019. Because this document has been labeled confidential by the City, this exhibit has been filed under seal.

1. **Additional New Facts Alleged**

Beyond the invoice allegations, the Second TAC pleads new facts, revealed through discovery, that further strengthen the QA claim. As discussed below, Spherion has argued that the invoice is not sufficient to overcome a futility inquiry. Thus, these facts serve to give greater notice to Spherion of the wrongdoing alleged against them, and to aid the Court in evaluating any future motion to dismiss raised by Spherion on Rule 9(b) or other grounds. These new allegations neither seek to add new claims or new parties, nor do they expand the time period or the scope of Spherion's liability from that alleged in the operative complaint. These facts, recently elicited from testimony of former Spherion employees, were in the possession of Spherion for long before this request to file the Second TAC. They are properly included in the Second TAC.

The Second TAC newly alleges that the majority of the SMEs, and Relator in particular, were involved in the provision of the QA function to CityTime, according to deposition testimony of Spherion's Area District Manager overseeing the staffing of Citytime, Thomas Roach. Second TAC ¶ 63. Importantly, this testimony substantiates the allegations that Spherion was billing the City for QA services, and not some other function, when it submitted the invoice to the OPA.

The Second TAC newly alleges Spherion's own understanding of what the QA function consisted of, as testified to by Roach. One function was to test the CityTime software for errors, *id.* at ¶ 64, a second was to identify conflicts of interest, *id.* at ¶ 66, and a third was to identify unqualified staff, *id.* at ¶ 67. Spherion failed to provide each of these three QA functions to the City.

The Second TAC newly alleges that a Spherion consultant, Sanjay Arya, who was responsible for performance testing of CityTime, testified that an SAIC consultant on the development team, Sudhir Talasila, had stolen his testing scripts to make it appear that CityTime was working well. *Id.* at ¶ 86. This was a clear conflict of interest for the QA function, nominally

8

under Spherion's control, to be usurped by the very entity, SAIC, whose work they were contracted to evaluate. Arya, who was directed to report to SAIC rather than to the City through OPA, protested this arrangement to Spherion personnel. *Id*. He was punished and forced to leave the project when he identified that a load performance tester was "conflicted and incompetent." *Id*. at ¶ 64. He would later be effectively terminated after reporting his test results to an OPA manager, *id.* at ¶ 85.[5] Moreover, Relator reported two Spherion consultants, Abu Hassan and Prashanth Sundaram as unqualified, but they were kept on at CityTime, and Relator was demoted in response. *Id.* at ¶ 67.

More generally, the Second TAC alleges that Spherion managers testified that they were aware of the failure of their QA efforts. Spherion Manager Roach is newly alleged to have testified that Spherion had only four independent QA workers staffing CityTime. *Id*. at ¶ 62. Roach admitted that they were so few in number for a project as massive as CityTime that performing their QA duties was not feasible, that it was actually a "joke." *Id*.

As the Second TAC newly alleges, Mark Mazer, a Spherion consultant and architect of the CityTime fraud for which he is currently serving a prison term, was given an opportunity to deny many of Relator's allegations against himself and Spherion. *Id*. at ¶ 68. At a December 18, 2018 deposition, Mazer asserted his Fifth Amendment right against self-incrimination and refused to deny that he had purposefully slowed the progress of CityTime in order to further his kickback scheme, that he removed from authority anyone who questioned that slow progress, and that Spherion had granted him control over hiring and firing. *Id*.

---

[5] These new facts came to light during the November 27, 2018 deposition of Sanjay Arya. *See* Kovel Decl. Ex. C (Arya Dep. at 58:8-68:21; 97:15-105:2, 116:21-120:24, 123:12-125:11 (excerpts from Spherion's counsel's questioning).

9

The Second TAC also newly alleges facts probative of the motive of Spherion to submit false claims to OPA, through its executive Howard Cohen. At his December 14, 2018 deposition, Cohen testified that his compensation of approximately $600,000 annually in commissions was based on the amount of wages paid to Spherion consultants. *Id.* at ¶ 74. This explains Cohen's indifference to Relator's efforts to expose the fraud occurring under Spherion's nose. The Second TAC alleges that "Cohen had an especially strong financial interest in maintaining consultants, continuing the project, and not making waves." *Id*.

### 2. Allegations from the First TAC

In addition to alleging new facts found through discovery, the Second TAC also includes allegations that were first introduced in the First TAC. These allegations primarily addressed three issues: (1) Relator's status as an original source information for the frauds he alleged, (Second TAC ¶¶ 88-103); (2) Spherion's failure to abide by the conflict of interest provisions of its CityTime contract, (*id.* at ¶¶ 60, 107, 112); and (3) Spherion and Mazer's failure to provide QA services to the Citytime project (*id.* at ¶¶ 16-17, 20-23, 39-40, 60, 69, 72-73). Each of these categories is properly repled in the Second TAC despite the fact that the Court denied leave to file the First TAC. The Court's decision to deny leave was premised not on a rejection of any particular allegation as improperly included in an amendment; rather the First TAC was rejected because each of its claims was found to be futile. Order at 20, 23, 26-28. Assuming that the particularity provided by the new allegations in the Second TAC raises the QA claim above futility, any allegations relating to it from the First TAC would be properly pled in the Second TAC.

Each of the three categories of allegations included in the First TAC directly supports the now viable QA claim. Aside from the First TAC's QA allegations themselves, Relator must also plead that he is an original source of his QA claim as the First TAC does. Further, Spherion management has admitted that policing conflicts of interest was part of its role as a QA provider

10

to CityTime, and therefore the First TAC's conflict of interest allegations remain pertinent to evaluating the Second TAC's QA claim.

### IV. Relator's Motion for Leave to Amend Is Timely, in Good Faith and Would Not Prejudice Defendants

Relator respectfully submits that his proposed amendment should not be dismissed on grounds of timeliness, bad faith, or prejudice to Spherion.

*Timeliness*

Relator's motion is timely because it was filed shortly after the newly alleged facts were revealed through discovery. The Arya, Cohen and Roach depositions on which Relator relied in pleading these new allegations took place on November 27, 2018, December 14, 2018 and December 20, 2018 respectively. Relator filed his letter request for leave to move to amend the complaint on January 22, 2019, little more than one month later. *See* ECF No. 118. This was approximately one-and-a-half years after the Court dismissed the QA claim with prejudice. Courts have rejected arguments of undue delay in cases presenting even longer delays before amendment.[6] In any event, "delay, standing alone, is an insufficient basis to deny leave to amend." *United States for and on Behalf of Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

---

[6] *See, e.g.*, *American Med. Ass'n v. United Healthcare Corp.*, No. 00 Civ. 2800 (LMM), 2006 WL 3833440, at *3-4 (S.D.N.Y. Dec. 29, 2006) (finding no undue delay in plaintiffs' request to file fourth amended complaint two-and-a-half years after filing of third amended complaint, nearly two years after dismissal of some claims in third amended complaint, and four years after filing of original complaint where discovery was still in early stages); *State Farm Mut. Auto. Ins. Co. v. Grafman*, No. 04 Civ. 2609, 2007 WL 7704666, at *3 (E.D.N.Y. May 22, 2007) (finding no undue delay in motion for leave to amend filed two-and-a-half years after the original complaint was filed).

Spherion, in its January 28, 2019 letter to the Court, urges that Relator should have alleged the invoice sooner because the matter had been filed and under seal since 2011. Spherion Letter at 3. But, as Spherion's letter acknowledges, Relator did not obtain the invoice from the City until 2016 and only in connection with Relator's motion for a share of the recovery against SAIC. *Id.* Moreover, by Spherion's own letter, the invoice standing alone is not enough to establish the QA claim because, according to Spherion, "the billed consultant hours *were truly worked*." *Id.* at 4 (emphasis in original). Had Relator included the invoice without the context of the 2018 deposition testimony of former Spherion employees, there was a palpable danger that the QA claim would again be found futile.

Although Relator asserts that the invoice is false on its face, given what by now can be judicially noticed through testimony about the CityTime project, Relator did not engage in undue delay by seeking confirmation that the fruit of those hours "*truly worked*" was not delivered to the City. The wisdom of Relator's prudence is confirmed by Spherion's current argument. As Sanjay Arya testified, when he attempted to deliver the fruits of his hours "*truly worked*," Spherion dismissed him, and allowed his scripts, his work, to be appropriated not by the City but by SAIC, a conflicted participant in the fraud. Similarly, it was important for Roach to testify that the majority of SMEs were engaged in QA work in order to plead that the City did not receive the benefit of those hours. In hindsight, it is easy for Spherion to argue that Cohen's authentication of the invoice and his confirmation that indeed it was submitted for the purpose of seeking payment was unnecessary, but had that invoice been proven to be a draft, later corrected, a projection, or otherwise susceptible to an innocent explanation, Relator's prudence would have obviated the need for any additional motion practice, and judicial economy would have been served. Spherion's willingness to assert a violation of Rule 11(b) in response to a good faith request to file an amended

complaint is all the more justification for Relator to have gotten its factual ducks in a row before seeking to file the Second TAC.

***Prejudice***

"In gauging prejudice, [the court] consider[s], among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) (internal quotations and citation omitted). Neither of these factors applies here. Spherion cannot plausibly argue that they will be unfairly prejudiced as a result of Relator supplementing the allegations of existing claims. The amendment does not add new claims or parties, nor does it expand the scope of Spherion's alleged liability or the City's injury. *See ADL, LLC v. Tirakian*, No. 06 Civ. 5076, 2010 WL 3925131, at *4 (E.D.N.Y. Aug. 26, 2010) (recommending that leave to file amended complaint be granted where it did not "add new parties or new claims … [but added] facts that were confirmed through discovery [and did] not alter the substance of the allegations.") *adopted*, No. 06 Civ. 5076, 2010 WL 3926135 (E.D.N.Y. Sept. 29, 2010). An increase in the burdens of discovery has been rejected as grounds for establishing prejudice.[7] Even if the amendment was not approved, Spherion would still be subject to further litigation, because the Order sustained Relator's retaliation claims.

---

[7] *See, e.g.*, *Foman*, 371 U.S. at 182 (holding Court of Appeals erred in affirming district court's denial of motion to vacate judgment to allow amendment of the complaint where "the amendment would have done no more than state an alternative theory for recovery"); *Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d at 1255 ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); *Taberna Cap. Mgmt., LLC v. Jaggi*, No. 08 Civ. 11355 (DLC), 2010 WL 1424002, at *2 (S.D.N.Y. Apr. 9, 2010) (finding no prejudice where amendment would add new legal theories and expand scope of discovery significantly); *In re AMF Bowling Secs. Litig.*, No. 99 Civ. 3023, 2003 WL 2012401, at *2 (S.D.N.Y. May 2, 2003) (in securities action filed over three years earlier, permitting filing of third amended complaint adding allegations of new misrepresentations that were "closely related to existing allegations in the case").

The QA claim was previously dismissed for failure to plead with particularity under Rule 9(b). It is customary to provide *at least one* opportunity to amend to cure this deficiency. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) ("courts typically grant plaintiffs *at least one* opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b)") (emphasis added); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 605 (S.D.N.Y. 1998) ("The Second Circuit has noted that '[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.'") (citing *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991)). Where the Court believes it is possible to plead sufficient facts to satisfy Rule 9(b), even a second attempt to amend the pleadings is appropriate. *See*, *e.g.*, *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, No. 14 Civ. 9443 (ER), 2016 WL 2859622, at *14 (S.D.N.Y. May 16, 2016) (allowing third amendment to complaint); *Singh v. Cigna Corp.*, No. 16 Civ. 00182, 2017 WL 3835604, at *4 (D. Conn. Sept. 1, 2017) (granting leave to file third amended complaint even where plaintiff had "already been given a chance to replead with greater specificity, both after the telephonic conference and recently with the Court's order.").

## CONCLUSION

For the foregoing reasons, Relator respectfully requests that the Court grant leave to file the Second Proposed Third Amended Complaint.

Dated: February 8, 2019                     **KIRBY McINERNEY LLP**

                                       By:    /s/ *David Kovel*
                                                 David Kovel (dkovel@kmllp.com)
                                                 David Bishop (dbishop@kmllp.com)
                                                 825 Third Avenue, 16th Floor
                                                 New York, NY 10022
                                                 Tel: (212) 371-6600
                                                 Fax: (212) 751-2540