UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE STATE OF NEW YORK *EX REL* VINOD KHURANA and THE CITY OF NEW YORK *EX REL* VINOD KHURANA,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SPHERION CORP. (N/K/A SFN GROUP, INC.),<br><br>　　　　　　　　　　Defendant. | Case No. 15-cv-06605-JFK |

**RELATOR'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE [SECOND PROPOSED] THIRD AMENDED COMPLAINT**

**KIRBY McINERNEY LLP**
David Kovel
David Bishop
825 Third Avenue, 16th Floor
New York, NY  10022
Tel: (212) 371-6600
Fax: (212) 751-2540
Email: dkovel@kmllp.com
　　　　　dbishop@kmllp.com

*Counsel for Plaintiff-Relator*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    *Res Judicata* Does Not Apply Here ........................................................................ 2

          A.    Law of the Case ....................................................................................... 3

    II.   Reconsideration is Appropriate under Rule 54(b) and Local Rule 6.2 ................... 4

          A.    Relator Satisfies Rule 15(a) and Rule 16(b) Standards ............................. 5

          B.    Plaintiff Has Not Engaged in Undue Delay, and Good Cause is Therefore Established ................................................................................................. 7

          C.    Spherion Will Not Be Prejudiced By the Amendment .............................. 9

    III.  Relator's Presentation of the Second TAC to the Court is Forthright ................. 10

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Berrios v. New York City Hous. Auth.*,
    564 F.3d 130 (2d Cir. 2009) ................................................................................................... 3

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993) ................................................................................................... 8

*Chapple v. Fahnestock & Co. Inc.*,
    No. 03 Civ. 4989, 2005 WL 8157058 (E.D.N.Y. Sept. 16, 2005) ..................................... 3

*Ferring B.V. v. Serenity Pharm., LLC*,
    No. 17 Civ. 9922 (JFK), 2019 WL 117316 (S.D.N.Y. Jan. 7, 2019) ................................ 8

*Flonnes v. Prop. & Cas. Ins. Co. of Hartford*,
    No. 12 Civ. 01065, 2013 WL 3109381 (D. Nev. June 17, 2013) ...................................... 5

*Gabourel v. Bouchard Trans. Co.*,
    901 F. Supp. 142 (DC), (S.D.N.Y.1995) .............................................................................. 9

*Gibson v. Credit Suisse AG*,
    No. 10 Civ. 001, 2012 WL 1253007 (D. Idaho Mar. 30, 2012) ........................................ 5

*Jordan v. Verizon Corp.*,
    No. 17 Civ. 9197 (LGS), 2019 WL 340715 (S.D.N.Y. Jan. 28, 2019) .............................. 2

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir. 2007) ................................................................................................... 7

*L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*,
    198 F.3d 85 (2d Cir. 1999) ..................................................................................................... 3

*Law Offices of Oliver Zhou v. Citibank N.A.*,
    No. 15 Civ. 5266 (ER), 2017 WL 979062 (S.D.N.Y. Mar. 13, 2017) .............................. 3

*Limpert v. Cambridge Credit Counseling*,
    No. 03 Civ. 5986, 2006 WL 8441003 (E.D.N.Y. Aug. 30, 2006) ..................................... 3

*Microbanc LLC v. InspireMD, Inc.*,
    No. 16 Civ. 3860 (LTS), 2018 WL 522335 (S.D.N.Y. Jan. 22, 2018) ............................. 5

*Miller v. Hyundai Motor Am.*,
　　No. 15 Civ. 4722 (TPG), 2017 WL 4382339 (S.D.N.Y. Sept. 29, 2017) .......................... 3

*Millgard Corp. v. E.E. Cruz,*
　　No. 99 Civ. 2952 (LBS), 2002 WL 31812710 (S.D.N.Y. Dec. 12, 2002) ......................... 9

*Muhammad v. City of Peekskill,*
　　No. 06 Civ. 1899 (KMK), 2008 WL 4452355 (S.D.N.Y. Sept. 30, 2008) ........................ 3

*NBN Broad., Inc. v. Sheridan Broad. Networks, Inc.*,
　　105 F.3d 72 (2d Cir. 1997) ................................................................................................ 2

*Noel v. Brian Moore, C.O.*,
　　No. 16 Civ. 1328, 2017 WL 435813 (N.D.N.Y. Feb. 1, 2017) ......................................... 2

*Ong v. Chipotle Mexican Grill, Inc.*,
　　294 F. Supp. 3d 199 (KPF) (S.D.N.Y. 2018) ................................................................... 9

*Oscar v. BMW,*
　　No. 09 Civ. 11 (PAE), 2011 WL 6399505 (S.D.N.Y. Dec. 20, 2011) .............................. 9

*Page Mill Asset Mgmt. v. Credit Suisse,*
　　No. 98 Civ. 6907 (MBM), 2001 WL 863552 (S.D.N.Y. July 30, 2001) .......................... 4

*Portelos v. City of New York,*
　　No. 12 Civ. 3141, 2015 WL 5475494 (E.D.N.Y. Sept. 15, 2015) .................................... 9

*Prisco v. A & D Carting Corp.*,
　　168 F.3d 593 (2d Cir. 1999) .............................................................................................. 4

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
　　46 F.3d 230 (2d Cir. 1995) ................................................................................................ 8

*Rezzonico v. H & R Block, Inc.*,
　　182 F.3d 144 (2d Cir. 1999) ........................................................................................ 2, 4

*Richardson Greenshields Sec., Inc. v. Lau*,
　　825 F.2d 647 (2d Cir. 1987) .............................................................................................. 8

*Samuels v. N. Telecom, Inc.*,
　　942 F.2d 834 (2d Cir. 1991) .............................................................................................. 3

*Saud v. Bank of New York*,
　　929 F.2d 916 (2d Cir. 1991) .............................................................................................. 3

*Semper v. N.Y. Methodist Hosp.*,
    786 F. Supp. 2d 566 (E.D.N.Y. 2011) ................................................................................ 5

*Shpak v. Curtis*,
    No. 10 Civ. 1818, 2012 WL 511478 (E.D.N.Y. Feb. 14, 2012) ......................................... 6

*Tomasino v. Estee Lauder Cos., Inc.*,
    No. 13 Civ. 4692, 2015 WL 1470177 (E.D.N.Y. Mar. 31, 2015) ...................................... 3

*Youngers v. Virtus Inv. Partners Inc.*,
    No. 15 Civ. 8262, 2017 WL 5991800 (S.D.N.Y. Dec. 4, 2017) ......................................... 8

**Rules**

Fed. R. Civ. P. Rule 9(b) ........................................................................................................ *passim*

Fed. R. Civ. P. 15(a) ....................................................................................................................... 5

Fed. R. Civ. P. Rule 54(b) ............................................................................................................... 4

**Secondary Sources**

18A Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure* § 4434 (3d ed. 2018) .................................................. 2, 3

## INTRODUCTION

In its opposition to Plaintiff-Relator's ("Relator") motion for leave to file his Proposed Third Amended Complaint ("First TAC"), Spherion argued that Relator's claims failed to satisfy Rule 9(b) because he "alleges no facts to support his conclusion that Spherion did not provide *any* qualified assurance services during the term of its contract with the City." Def. Mem. filed Jan. 20, 2017 (ECF No. 81) at 11 (emphasis in the original). This Court agreed in part, finding that Relator did not satisfy Rule 9(b) because he failed to provide "identifying information about these claims for payment – including who submitted the claims, what the claims requested payment for, or when they were submitted – nor does Plaintiff provide any example claims." Op. & Order dated April 21, 2017 (ECF No. 86) (the "Order") at 26-27.

Relator recently discovered evidence enabling him to overcome these deficiencies. The Second Proposed Third Amended Complaint ("Second TAC") includes not just an example claim but alleges, based on testimony, that Spherion's quality assurance ("QA") role was to police conflicts of interest, to identify obviously incompetent performance, and to adequately test the software. The Second TAC provides specific allegations that Spherion knowingly billed the City for (but failed to provide) all three of these QA functions. *See* Op. Br. 8.[1]

In its breathless opposition, Spherion argues that it was prejudiced because Relator could have amended its complaint earlier with a single invoice received in 2016. Spherion simultaneously argues that this invoice is insufficient under Rule 9(b) to show a violation of the FCA. More broadly, Spherion's arguments fail for the following reasons. First, the new

---

[1] "Op. Br." refers to Relator's Memorandum of Law in Support of Motion for Leave to File [Second Proposed] Third Amended Complaint, filed on February 8, 2019 (ECF No. 122). "Def. Br." refers to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Leave to File Second Proposed Third Amended Complaint, filed on February 21, 2019 (ECF No. 125).

particularized allegations state a valid FCA claim. Second, law of the case, not *res judicata*, applies here, making reconsideration appropriate. Finally, there has not been undue delay or prejudice as the factual basis for the particularized allegations has only recently come to light.

## ARGUMENT

### I.     *Res Judicata* Does Not Apply Here

Spherion is still unable to cite a single case in which a court relied on the principal of *res judicata* in refusing to consider a motion seeking leave to amend a complaint *within the same action*. The Second Circuit is clear: "[r]es judicata does not speak to direct attacks in the same case, but rather has application in subsequent actions." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999); *see also* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4434 (3d ed. 2018) ("Preclusion should not apply within the framework of a continuing action."); *see* Op. Br. 3-5.

Spherion's opposition brief cites cases relying on *res judicata*, but none that denies a motion to amend within the same action. Decisions within the same proceeding are governed by "law of the case", a principal addressed nowhere within Spherion's brief. This was not a trivial oversight. Law of the case recognizes this Court's powers to revisit its own rulings, whereas *res judicata* would strip this Court of its discretion.

Spherion cites twelve decisions in its argument declaring a "robust line of case law" that *res judicata* applies within the same proceeding, but none is persuasive. Some of those opinions derive *res judicata* from judgments made in separate prior actions, but not from the same action.[2]

---

[2] *Jordan v. Verizon Corp.* dismissed claims in a 2017 from an action based on dismissal of claims in a separate 2002 action. No. 17 Civ. 9197 (LGS), 2019 WL 340715, at *2, 6 (S.D.N.Y. Jan. 28, 2019). In *Noel v. Brian Moore, C.O.*, the court dismissed claims already dismissed with prejudice in a separately docketed action. No. 16 Civ. 1328, 2017 WL 435813, at *1 n.3 (N.D.N.Y. Feb. 1, 2017). In *NBN Broad., Inc. v. Sheridan Broad. Networks, Inc.*, 105 F.3d 72, 77 (2d Cir. 1997) the court based its application of *res judicata* on the dismissal of a separate state court action. In

Other cases cited by Spherion did not dismiss claims on *res judicata* grounds at all.[3] In the remaining decisions the plaintiffs had not first sought leave to amend the dismissed claims.[4]

### A. Law of the Case

Law of the case is the proper doctrine to inform the Court's consideration of Relator's motion for leave to amend.[5] As the Second Circuit sets forth:

> [T]he law of the case doctrine is discretionary, not mandatory. The doctrine expresses, in shorthand fashion, a practice of courts generally not to reconsider that

---

*Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 835-36 (2d Cir. 1991) the court made a *res judicata* dismissal of an action filed in 1990 based on the dismissal of a 1989 action. *See also Saud v. Bank of New York*, 929 F.2d 916, 918-19 (2d Cir. 1991) (new action precluded by dismissed "Guaranty Action").

[3] *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (refusing to decide the claim of unrepresented incompetent persons on merits because it would have *res judicata* effects in later actions). The court in *Limpert v. Cambridge Credit Counseling*, made no mention of *res judicata* and dismissed the claims merely because the amended complaint included them in order to "preserve them for appeal". No. 03 Civ. 5986, 2006 WL 8441003, at *3 (E.D.N.Y. Aug. 30, 2006); *see also Chapple v. Fahnestock & Co. Inc.*, No. 03 Civ. 4989, 2005 WL 8157058, at *3 (E.D.N.Y. Sept. 16, 2005) (no mention of *res judicata*). In *Muhammad v. City of Peekskill*, the court invoked *res judicata* to dismiss claims based on a prior dismissal of the claims in the same action, but it was actually a matter of estoppel. No. 06 Civ. 1899 (KMK), 2008 WL 4452355, at *5 (S.D.N.Y. Sept. 30, 2008). Plaintiff's stipulation to a *voluntary* dismissal of his claims "triggered the dismissal with prejudice in favor of the County Defendants. The Second Circuit has been clear that plaintiff 'is bound by his attorney's decision to sign the stipulation of withdrawal.'" *Id.* (citing *Samuels* 942 F.2d at 837).

[4] *See Miller v. Hyundai Motor Am.*, No. 15 Civ. 4722 (TPG), 2017 WL 4382339, at *3 (S.D.N.Y. Sept. 29, 2017) (employing *res judicata* on motion to dismiss, not to amend or reconsider). In *Law Offices of Oliver Zhou v. Citibank N.A.*, No. 15 Civ. 5266 (ER), 2017 WL 979062, at *2 (S.D.N.Y. Mar. 13, 2017), the court granted plaintiffs leave to amend only two causes of action. Plaintiffs did not seek to amend the remaining claims that were dismissed on *res judicata* grounds.

[5] When courts mention *res judicata* in the context of a single proceeding, it is a matter of imprecise language; they were actually applying law of the case. *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, which Spherion erroneously claims Relator relied on (although it is nowhere cited), Def. Br. 7, does nominally apply *res judicata* to amended claims already dismissed in the same action. 198 F.3d 85, 87 (2d Cir. 1999). However, the parties there, unlike here, were entirely dismissed from the case with no remaining claims against them. Moreover, the wisdom of *L-Tec's* approach has been questioned. *See Tomasino v. Estee Lauder Cos., Inc.*, No. 13 Civ. 4692, 2015 WL 1470177, at *3 (E.D.N.Y. Mar. 31, 2015) (quoting Wright & Miller, *supra* § 4434 (citing *L-Tec* as opinion that "seem[s] to confuse preclusion with law-of-the-case principles, defeating reconsideration of matters that should remain subject to revision in the same action")).

3

>which has already been decided. But it does not purport to be a legally binding limitation on the court's authority to reconsider such matters.

*Rezzonico,* 182 F.3d at 149. "[R]ulings of the district court are subject to revision by that court 'at any time before the entry of final judgment.'" *Id*. at 148 (quoting Fed. R. Civ. P. 54(b)).

New evidence is fair grounds to revisit a decided issue under the law of the case doctrine. An illustrative example is *Page Mill Asset Mgmt. v. Credit Suisse*, in which the court reconsidered its summary judgment decision under the law of the case doctrine, based on new evidence consisting of the dictionary definition of words ("bid" vs "quote") used in the contract at issue in the decision. No. 98 Civ. 6907 (MBM), 2001 WL 863552, at *1 (S.D.N.Y. July 30, 2001). Notably, dictionary definitions would have been available to the parties prior to the court's original decisions. Application of law of the case is determined primarily by the existence of prejudice. *See Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999). Prejudice "does not mean harm resulting from the failure to adhere to the prior decision, but instead refers to a lack of ... sufficient opportunity to prepare armed with the knowledge that the prior ruling is not deemed controlling." *Id.* (citations and quotation marks omitted). As discussed below at II.C., Spherion is not prejudiced by reconsideration of the Court's dismissal.

## II. Reconsideration is Appropriate Under Rule 54(b) and Local Rule 6.2

Spherion argues that Rule 54(b) does not allow for the amendment of dismissed claims because such amendment is governed by Rule 15. Def. Br. 8. This misapprehends Relator's Rule 54(b) position. Relator asserts that Rule 54(b) affirms the Court's power to "revise[] at any time" "any order or other decision" before the resolution of all the claims in an action. Op. Br. 3 (citing Rule 54(b)). Thus, Rule 54(b) allows the Court to revisit its decision to dismiss the QA claim "with prejudice". If the Court voids the "with prejudice" designation, then it is free to apply Rule 15 standards.

Spherion claims that *Microbanc* cuts against reconsideration because it denied leave to file an amended complaint. Def. Br. 9. However, the *Microbanc* court denied leave only after evaluating each of the amended claims on the merits that were previously dismissed with prejudice. *Microbanc, LLC v. InspireMD, Inc.*, No. 16 Civ. 3860 (LTS), 2018 WL 522335, at *3-5 (S.D.N.Y. Jan. 22, 2018) (finding "the availability of new evidence" justifies reconsideration).[6]

### A. Relator Satisfies Rule 15(a) and Rule 16(b) Standards

Spherion argues that the motion to amend must be denied because the amendments are futile, there is no "good cause" to allow amendment, and because allowing amendment would prejudice Spherion. As demonstrated below, none of these three objections precludes filing of the Second TAC, and therefore amendment under either Rule 15(a) or 16(b) is appropriate.

"The non-moving party bears the burden of demonstrating why leave to amend should be denied on futility grounds." *Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 582 (E.D.N.Y. 2011). Spherion begins its futility analysis by correctly noting that the Court rejected the QA claims on Rule 9(b) for failing to "provide examples of false claims." Def. Br. 14.[7] The invoice alleged in the Second TAC at ¶¶ 64-71 provides this example of a false claim, and the who

---

[6] Footnote 4 (Def. Br. 10) fixates on the *Gibson v. Credit Suisse AG* holding that a motion for reconsideration was the appropriate mechanism to revive a claim dismissed with prejudice. But this was because the magistrate did not have the power to revive a claim dismissed by the district judge. The court ultimately allowed amendment, citing Rule 54(b) and newly discovered evidence. No. 10 Civ. 001, 2012 WL 1253007, at *3 (D. Idaho Mar. 30, 2012). Spherion also cites *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, for its denial of a motion to amend, but ignores the fact that the court did reconsider its dismissal with prejudice of the claims and revised it to a dismissal without prejudice. No. 12 Civ. 01065, 2013 WL 3109381 (D. Nev. June 17, 2013). The subsequent denial of leave to amend was based on a failure to explain why the new allegations were not included earlier. *Id.*, at *4. Here, Relator has already provided adequate explanation for the recent availability of the new evidence. *See* Op. Br. 11.

[7] Spherion claims Relator was "twice admonished" for "failing to comply" with Rule 9(b). Def. Br. 13. However, the Court's first finding of a Rule 9(b) lack of particularity pertained only to the False Billing claim. Op. & Order dated Nov. 10, 2016 at 42. The Court only ruled on the particularity of the QA claim once. Order at 26-27.

(Spherion, through Howard Cohen), what (claims for payment of QA hours worked), when (May 29, 2005 through July 2, 2005) and how (by not providing the City the true QA work).

Spherion's response to the invoice is to claim that there is no "testimony" or "evidence" that the City did not receive the benefit of the hours invoiced by Spherion. Def. Br. 14. But, as explained below, the Second TAC does add new allegations that support with particular details, learned through recent depositions, that Spherion was actively and by omission preventing the City from receiving the benefit of the QA work. This is sufficient pleading given that the Court has already held that the First TAC already raised "a plausible theory of factual falsity." Order at 24.

The Second TAC adds allegations showing that Spherion actively undermined its own testing function. *See id*. at ¶¶ 60, 63-67, 86. Among other things, Relator and fellow consultant Sanjay Arya were disciplined when they sought to share QA testing results with the City. *Id*. at ¶¶ 64, 85-86. Arya, for example, was ordered to report directly to Sudhir Talasila, a conflicted SAIC consultant, instead of directly to the City. ¶ 86. They were also disciplined when they reported incompetent personnel working on the CityTime project. ¶¶ 64, 67. Far from futile, the Second TAC takes the QA claim that the Court has already found "plausibly alleges factual falsity" and strengthens it with particularized testimony and a detailed invoice.

Spherion's answer to these new allegations is to dig into Relator's deposition testimony. Def. Br. 14-15. This is entirely inappropriate in a futility analysis on a motion for leave to amend. *Shpak v. Curtis*, No. 10 Civ. 1818, 2012 WL 511478, at *8 (E.D.N.Y. Feb. 14, 2012) (citing cases). But Spherion harps on strawmen – that Relator does not allege or testify that Spherion submitted "duplicate bills, submitted bills for work that was not performed, or inflated the bill rate" and that Relator is merely disputing "the quality of work invoiced." Def. Br. 14-15. Relator's QA claim is not based on such allegations; rather, the QA claim is that whatever work Spherion did do, the

6

City did not receive the result or benefit of the work.

Spherion also gleefully reports a "stunning oversight" – that Relator submitted his own time sheets in which he requested payment for 246 hours. Def. Br. 16. Of course, Relator was reporting his hours to Spherion truthfully, for which he was entitled to payment from Spherion. This is entirely different from Spherion then seeking payment from the City, when Spherion knew that the City never received the benefit of Relator's work. Spherion consultants Berger and Mazer, with the knowledge of others at Spherion, were throwing Relator's QA work into a memory hole.[8]

Spherion argues that the testimony from former Spherion account executive Howard Cohen concerning the invoice was not substantive enough to warrant the delay in filing the motion to amend. Def. Br. 18. Of course, the Second TAC contains much more equally important new allegations. Moreover, any such criticisms are biased by hindsight, when counsel's wisdom should be judged on the range of what testimony was potentially possible. *See* Op. Br. 12.

### B. Plaintiff Has Not Engaged in Undue Delay, and Good Cause is Therefore Established

Spherion wants it both ways. On one hand, it argues that Relator had all he needed to file his TAC when he first obtained the invoice in related litigation. Def. Br. 19. On the other, Spherion argues that the invoice is insufficient to surpass the bar of futility, because the hours billed on the invoice were indeed worked. Relator acted with diligence,[9] not intentional delay, in obtaining testimony from witnesses that could (1) authenticate and give context to the invoice (*see supra* at 8; Op. Br. 12) and (2) support allegations that the City did not receive the benefit of the work invoiced by Spherion. *See supra* at 6; Op. Br. 12.

---

[8] Spherion erects the same strawmen to be knocked down by the deposition testimony of Mahesh Sharma and Sanjay Arya, Def. Br. 17, which again, is inappropriate at the futility analysis stage.

[9] The "primary consideration" under the good cause analysis is "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Delaying assertion of a claim until it can survive a motion to dismiss satisfies good cause under Rule 16(b). *See Youngers v. Virtus Inv. Partners Inc.,* No. 15 Civ. 8262, 2017 WL 5991800, at *4 (S.D.N.Y. Dec. 4, 2017) ("Had Plaintiffs asserted their proposed claims [earlier], Defendants likely would have exploited this pleading deficiency in their motion to dismiss."). A plaintiff's prosecution of the case need not be flawless to satisfy the good cause standard. In *Youngers,* the court allowed amendment of a complaint even though "it appears that Plaintiffs could have been more diligent about what they sought in discovery." *Id.*, at *4. Whereas, Relator filed the Second TAC within two months of completing the relevant depositions, the *Younger* court allowed an amendment filed six months after receiving key depositions transcripts. *Id.*, at *6. "[M]ere delay, without more, neither militates in favor of nor against amendment." *Id.* (citing *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (four year delay); *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (four year delay); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases where delay ranged from two to five years).

This Court's decision in *Ferring B.V. v. Serenity Pharm., LLC*, No. 17 Civ. 9922 (JFK), 2019 WL 117316, at *3-4 (S.D.N.Y. Jan. 7, 2019) does not help Spherion. There, this Court was certain that plaintiff had the information necessary to plead its claim from a deposition that had been taken "3.5 years", not two months, prior. *Id.* at n.1. By contrast, here, Spherion continues to dispute the falsity of the invoice, which is precisely what the newly pled deposition testimony in the Second TAC addresses. *See e.g.,* ¶ 62 (Spherion manager states QA efforts, were a "joke"); ¶ 86 (Arya states his work product was misused by SAIC, he was disciplined for reporting to the City, and ordered to report to SAIC); ¶ 68 (Mazer invoked the Fifth Amendment when asked

8

whether he intentionally delayed the project and fired those who identified problems).[10]

### C. Spherion Will Not Be Prejudiced By the Amendment

Spherion argues that it will be prejudiced by significant additional amounts of discovery and motion practice should the motion to amend be granted. Def. Br. 20-21. Spherion exaggerates the extent of the burden that will arise from resolving the QA claim on the merits. The present litigation is nothing like the cases cited by Spherion. In *Portelos v. City of New York*, discovery had been ongoing for well over two years through seven schedule extensions when the court held amended claims would be prejudicial. No. 12 Civ. 3141, 2015 WL 5475494, at *3-4 (E.D.N.Y. Sept. 15, 2015). Moreover, the amended claim would have added additional defendants. *Id*. at *4. Here, discovery had been ongoing for less than seven months when Relator sought an amendment. ECF Nos. 102 (scheduling order) and 118. Importantly, Spherion has not identified any specific facts the amendment would necessitate that it does not already have.[11]

Beyond mere time and litigation burden, which would apply to the defense of any claim, Spherion cites no prejudice idiosyncratic to this case, such as a failure to preserve evidence, surprise or other injury due to reliance on the dismissal with prejudice.[12] Spherion is well aware

---

[10] *See also Gabourel v. Bouchard Trans. Co.*, 901 F. Supp. 142, 145 (S.D.N.Y.1995) (approving one-year delay in asserting claim because factual basis was discovered during depositions).

[11] In *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 240 (S.D.N.Y. 2018) the plaintiff seeking amendment was looking to obtain information from FOIA requests and several related litigations that had "no clear end date". In *Oscar v. BMW*, the court specified precisely the additional discovery necessitated by amendment that would prejudice defendant (expert discovery on tire failure). No. 09 Civ. 11 (PAE), 2011 WL 6399505, at *5 (S.D.N.Y. Dec. 20, 2011). In *Millgard Corp. v. E.E. Cruz*, the decision was not based on delay posed by discovery, but also on bad faith of the plaintiff in seeking amendment. No. 99 Civ. 2952 (LBS), 2002 WL 31812710, at *5 (S.D.N.Y. Dec. 12, 2002) ("even unexplained delay does not provide a basis for denial of leave to amend, absent a showing of bad faith or undue prejudice").

[12] Spherion characterizes the Second TAC as Relator's "fifth bite at the apple" when in fact three of those "bites" were housekeeping amendments made before Spherion was party to the action. *See* Op. Br. 2, n. 1. Relator has only sought one other amendment since serving Spherion. *Id*.

that the QA claim remains in play for the purpose of appeal. *See* Def. Br. 23. If anything, granting the amendment will expedite resolution of the entire litigation by obviating an appeal.

**III.     Relator's Presentation of the Second TAC to the Court is Forthright**

Just as nature abhors a vacuum, legal briefs will expand to fill page limits. This is the most charitable explanation for Spherion's wild attack on the integrity of Relator's motion to amend as an attempted fraud on the Court through redlining legerdemain. *See* Def. Br. 23-24. Spherion argues that Relator is trying to sneak allegations past the Court by not redlining all the changes between the operative Second Amended Complaint ("SAC") and the Second TAC. To the contrary, Relator could not have been more forthright with the Court in explaining precisely the nature and scope of the proposed amendments. Relator's pre-motion letter for this motion stated in the first paragraph that the Second TAC was a revision of the First TAC, and offered to provide a redline to the operative complaint (the SAC) "at the Court's request." ECF No. 118 n.1. The opening brief states in the first paragraph that the Second TAC redline is made against the First TAC, *i.e.,* not the operative SAC. Op. Br. 1. The opening brief discussed the allegations added in the First TAC and kept in the Second TAC. *Id.* at 10. The brief even broke the allegations into categories and explained why inclusion of the First TAC's allegations was proper. *Id.* at 10-11.

Finally, there is something unsavory about Spherion threatening *in terrorem* sanctions against the only party seeking justice for Spherion's CityTime misconduct. Spherion had failed to train its same gimlet eye to the wrongdoings happening under its nose at CityTime. Spherion cites no fact that even purports to evidence any motivation on the part of Relator to harass Spherion or delay the litigation. Relator continues to prosecute this case diligently and responsibly.

## CONCLUSION

For the foregoing reasons, Relator respectfully requests that the Court grant leave to file the Second Proposed Third Amended Complaint.

10

Dated: February 28, 2019 **KIRBY McINERNEY LLP**

By: /s/ *David Kovel*
David Kovel (dkovel@kmllp.com)
David Bishop (dbishop@kmllp.com)
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600
Fax: (212) 751-2540