**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------ X
THE STATE OF NEW YORK EX REL         :
VINOD KHURANA and THE CITY OF        :
NEW YORK EX REL VINOD KHURANA,       :
                                     :
                      Plaintiffs,    :   No. 15 Civ. 6605 (JFK)
                                     :
     - against -                     :   OPINION & ORDER
                                     :
SPHERION CORP. (N/K/A SFN GROUP,     :
INC.),                               :
                      Defendant.     :
------------------------------------ X
```

APPEARANCES

FOR PLAINTIFF/RELATOR VINOD KHURANA:
    David E. Kovel, Esq.
    David A. Bishop, Esq.
    KIRBY MCINERNEY LLP

FOR DEFENDANT SPHERION CORP.:
    Christopher F. Robertson
    Howard Wexler
    Lisa L. Savadjian
    SEYFARTH SHAW LLP

**JOHN F. KEENAN, United States District Judge:**

    Plaintiff Vinod Khurana moves the Court for leave to file a "Second" Proposed Third Amended Complaint (the "Second TAC") pursuant to Federal Rule of Civil Procedure 15(a). For the reasons stated below, Plaintiff's motion is denied.

                **I.   Background**

**A. Factual Background**

    The Court presumes familiarity with the factual background of this case as laid out extensively in the Court's three

previous Orders. (See ECF Nos. 70, 86, 96.)  Briefly stated, Plaintiff is a former employee of Defendant Spherion Corp. ("Spherion"), a company that provided quality assurance services over the CityTime project, an initiative started by the City of New York (the "City") and the Office of Payroll Administration ("OPA") in 1998 to automate time-keeping and payroll functions for approximately 180,000 City employees. (Second Amended Complaint ¶¶ 9, 13 [hereinafter "SAC"]).

Plaintiff claims that Spherion employed two consultants to work on the CityTime project, Mark Mazer and Scott Berger, who "turned the . . . project into their personal bank account" and "were largely responsible for developing and implementing what Preet Bharara, the United States Attorney in Manhattan, called 'one of the worst, if not the worst, financial crimes against the city.'"(Id. ¶ 2.)

Plaintiff alleges that, as a load performance tester on the CityTime project, he began noticing performance problems with the CityTime software. (Id. ¶ 29.)  From 2004 to 2005, Plaintiff alleges that he told individuals at the Financial Information Services Agency ("FISA") on multiple occasions that the program would not support the number of users required, and that Mazer and Berger had told him they knew the project was going to fail. (Id. ¶ 32.)  Plaintiff claims that "on numerous occasions" he also told Spherion representatives about "serious problems" with

CityTime, but Spherion "continued with the project as if those problems did not exist" and continued billing the City without taking any action to remove Mazer and Berger. (Id. ¶¶ 34, 36.) Further, Plaintiff alleges that he "personally witnessed or developed knowledge of various other examples of suspicious or outright fraudulent conduct," including billing the CityTime contract from services that were prohibited, unnecessary, or not provided. (Id. ¶ 45.)

Plaintiff claims that he was retaliated against and ultimately terminated in May 2007 for communicating to Spherion and FISA that performance was poor and the project was failing. (Id. ¶ 58.)

### B. Procedural History

On March 31, 2011, Plaintiff brought this action in New York State Supreme Court against Spherion.  On July 13, 2015, he filed a second amended complaint (the "SAC") in which he alleged that Spherion was liable under New York False Claims Act ("NYS FCA") and the New York City False Claims Act ("NYC FCA") for the submission of false claims to the City (the "qui tam claims"). Plaintiff also asserted two claims for retaliation under the NYS FCA and NYC FCA.  On August 20, 2015, Spherion removed the case to this Court. (See Notice of Removal (Aug. 20, 2015), ECF No. 1.)

3

On October 9, 2015, Spherion moved to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for failure to state a claim and failure to plead fraud with particularity.  In opposing Spherion's motion to dismiss, Plaintiff asserted the theory that Spherion was liable for submitting false claims to the City because it "failed to provide quality assurance services" as required by its contract with the OPA (the "QA claim"). (Pl.'s Mem. of Law in Opp. to Mot. to Dismiss SAC at 11-12 (Dec. 23, 2015), ECF No. 24.)  On November 10, 2016, the Court granted in part Spherion's motion to dismiss as to Plaintiff's qui tam claims. (See Op. &  Order at 50 (Nov. 10, 2016), ECF No. 70.)  It held that Plaintiff failed to allege a theory of factual falsity or implied false certification with regard to the QA claim. (Id. at 35-38.)  The Court denied Spherion's motion to dismiss Plaintiff's retaliation claims. (Id. at 49.)

On December 12, 2016, Plaintiff moved for leave to file a Third Amended Complaint (the "TAC"). (Mot. for Leave to File TAC (Dec. 12, 2016), ECF No. 72.)  Plaintiff contended that the TAC contained "newly alleged information" from documentary discovery produced by the City that was unavailable when he filed the SAC. (Pl.'s Mem. of Law in Supp. of Mot. for Leave to File TAC at 1 (Dec. 12, 2016), ECF No. 73.) Plaintiff argued that the TAC cured the deficiencies in the QA claim because it contained

4

additional allegations that Spherion did not provide any bona fide QA services but, rather, outsourced its quality assurance obligations to conflicted parties. (Id. at 6-8.)  On April 21, 2017, the Court denied Plaintiff leave to amend and dismissed his qui tam claims with prejudice. (See Op. & Order (Apr. 21, 2017), ECF No. 86.)  Regarding the QA claim, the Court held that although Plaintiff's new allegations raised a plausible theory of factual falsity, they failed to satisfy Rule 9(b) and, therefore, did not cure the deficiencies that the Court had identified in its previous order. (Id. at 26.)

On August 18, 2017, Plaintiff moved pursuant to Rule 54(b) for entry of the Court's Orders as final judgments and to stay proceedings on his retaliation claims during the pendency of the appeal of the Orders. (Mot. for Entry of Judgment under Rule 54(b) (Sept. 20, 2017), ECF No. 91.)  The Court denied the motion. (See Op. & Order at 16 (June 20, 2018), ECF No. 96.)

On February 8, 2019, Plaintiff moved the Court for leave to file a Second TAC because "discovery has resulted in new facts and evidence" that remedy the weaknesses the Court identified when it dismissed Plaintiff's QA claim with prejudice. (Pl.'s Mem. of Law in Supp. of Mot. for Leave to File Second Proposed TAC at 1 (Feb. 8, 2019), ECF No. 122 [hereinafter "Mem."].).

**II.  Discussion**

Leave to amend a pleading should be freely granted when justice so requires. Fed. R. Civ. P. 15(a); Dluhos v. Floating & Abandoned Vessel, 162 F.3d 63, 69 (2d Cir. 1998). District courts, however, "ha[ve] broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000), and "may properly deny leave to amend in cases of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Pasternack v. Lab. Corp. of Am., 892 F. Supp. 2d 540, 549 (S.D.N.Y. 2012) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)).

Courts have treated a party's motion for leave to amend a claim that has been dismissed with prejudice as a motion for reconsideration under Rule 54(b). See In re Bisys Sec. Litig., 496 F. Supp. 2d 384, 386 (S.D.N.Y. 2007) ("Plaintiffs purport to be making this request under Fed. R. Civ. P. 15(a), relating to amended pleadings.  Since, however . . . , the claims against PwC were previously dismissed with prejudice, the Court will construe plaintiffs' request as a motion under Fed. R. Civ. P. 54(b), seeking revision of the dismissal with prejudice prior to final judgment being entered."); see also Microbanc, LLC v. InspireMD, Inc., No. 16 CV 3860-LTS, 2018 WL 522335, at *3

6

(S.D.N.Y. Jan. 22, 2018) ("Because the Court dismissed Plaintiff's unjust enrichment, quantum meruit, and fraud claims with prejudice, the Court construes Plaintiff's motion for leave to amend with respect to those claims as a motion for reconsideration of the February Opinion . . . .").

A party moving for reconsideration "must do so within the strictures of the law of the case doctrine," see Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), and thus "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).  Where, as here, the qui tam claims against Spherion were dismissed with prejudice, such decision may not be changed "unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd., 956 F.2d at 1255).  "Even if any of these factors is present, moreover, it must be weighed against the prejudice that reopening will cause to the dismissed party." In re Bisys Sec. Litig., 496 F. Supp. at 386.

7

Plaintiff argues that the Court should reconsider its prior decisions dismissing Plaintiff's qui tam claims with prejudice because "discovery has resulted in new facts and evidence" that were not available when Plaintiff previously amended the SAC. (Mem. at 2.)  Specifically, he has incorporated in the Second TAC (1) "an actual invoice sent by Defendant Spherion to New York City for CityTime QA services purportedly performed by Spherion consultants, for which New York City never received the benefit" and (2) deposition testimony further elaborating on the quality assurance services Spherion was supposed to, but did not, provide. (Id.)  Plaintiff concedes that, at this juncture, a motion to reconsider would be untimely pursuant to Local Civil Rule 6.3, which specifies that a motion to reconsider must be made within fourteen days of entry of the order in question. (Id.); see Local Civil R. 6.3.  He argues that a late-filed motion to reconsider, however, is reviewable by a court "when the motion . . . is based upon newly discovered evidence." (Mem. at 4.)

The Court declines to reconsider its prior decisions dismissing Plaintiff's qui tam claims.  First, the invoice Plaintiff incorporates in the Second TAC is not new evidence -- it was produced to Plaintiff in the spring of 2016, in advance of (1) his December 12, 2016 motion for leave to amend his

8

complaint, and (2) his September 20, 2017 motion for entry of final judgment.

Second, the deposition testimony's added weight to Plaintiff's qui tam claims, if any, does not overcome the prejudice Spherion would incur if this Court were to grant Plaintiff's motion.  In determining what constitutes "prejudice," courts "consider whether the assertion of the new claim would: '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Ferring B.V. v. Serenity Pharm., LLC, No. 17 CIV. 9922, 2019 WL 117316, at *2 (S.D.N.Y. Jan. 7, 2019) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).  Here, if the Court were to grant Plaintiff's motion, it would have to reopen discovery and Spherion would have to spend significant resources conducting additional fact discovery on qui tam claims that were dismissed on April 21, 2017, almost two years ago.  Moreover, having to reopen discovery would significantly delay the resolution of this dispute, which has been pending for over three years.  Thus, the Court declines to allow Plaintiff another bite at the apple, and his motion for leave to file the Second TAC is denied.

**III. Attorneys' Fees**

Spherion requests the Court sanction Plaintiff pursuant to 28 U.S.C. § 1927, which allows a court to order an attorney to pay "excess costs, expenses, and attorneys' fees" when that attorney has "multiplie[d] the proceedings in [a] case unreasonably and vexatiously." For a court to make such an order there must be clear evidence that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay." United States v. Prevezon Holdings, Ltd., 305 F. Supp. 3d 468, 479 (S.D.N.Y. 2018). Here, Plaintiff's claims were not entirely without color. Spherion's request for attorneys' fees pursuant to 28 U.S.C. § 1927 is thereby denied.

### Conclusion

For the reasons set forth above, Plaintiff's motion for leave to amend its complaint is DENIED. The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 121.

**SO ORDERED.**

Dated: New York, New York
March 20, 2019

John F. Keenan
United States District Judge

10