# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-3332

Writer's e-mail
hwexler@seyfarth.com

April 4, 2019

**VIA ECF**
The Honorable John F. Keenan
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10022

> Re:   State of New York *ex rel.* **Vinod Khurana v. Spherion Corp. (n/k/a SFN Group, Inc.), No. 1:15-cv-06605-JFK-OTW**

Dear Judge Keenan:

This law firm represents SFN Group, LLC, f/k/a Spherion Corp. ("Defendant") in the above-referenced action. In accordance with Your Honor's Individual Rule 2.A., Defendant respectfully requests a pre-motion conference in anticipation of a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. In light of the Court's scheduling of a pre-trial conference on April 18, 2019, Defendant requests that the Court also hear the instant pre-motion request at the conference.

After more than three years of litigation, the two remaining causes of action in this case are Plaintiff's retaliation claims under the New York State False Claims Act ("NY FCA") and the New York City False Claims Act ("NYC FCA"). Plaintiff contends that he was discharged from the CityTime project with the City of New York's Office of Payroll Administration ("OPA") in retaliation for raising issues concerning the project's performance capabilities. As discovery has now concluded, summary judgment is appropriate because discovery has proven that the crux of Plaintiff's entire case is demonstrably false, and that his retaliation claims must now be dismissed.

To state a claim for retaliatory discharge under the State and City False Claims Act, a plaintiff must establish that he engaged in protected conduct and that his employer was aware that he was engaged in protected conduct. N.Y. FIN. LAW § 191(1); ADMIN. CODE § 7-805(a)(3); *Swanson v. Battery Park City Auth.*, No. 15-CV-6938 (JPO), 2016 WL 3198309, at *3 (S.D.N.Y. June 8, 2016). Despite Plaintiff's apparent belief that *he* was the individual who brought CityTime's problematic performance to light, discovery has since revealed that Spherion and the City of New York were already *aware* of the performance shortcomings of CityTime, a fact which Plaintiff himself admits.

Moreover, to the extent Plaintiff *did* raise issues regarding CityTime's performance, there is no evidence that the nature of Plaintiff's complaints signaled any purported fraud upon the City

WASHINGTON, D.C.  SYDNEY  SHANGHAI  SAN FRANCISCO  SACRAMENTO  NEW YORK  MELBOURNE  LOS ANGELES  LONDON  HOUSTON  HONG KONG  CHICAGO  BOSTON  ATLANTA



perpetrated by Spherion, but rather identified routine performance issues surrounding the project since its inception. It is further undisputed that Plaintiff's reporting of such routine issues was one of his required job duties as a "Load Performance Tester," as he was tasked with evaluating the performance of the application and the load of users it could withstand. In fact, Plaintiff alleges that on "numerous occasions during late 2004 and early 2005, [he] also told other Spherion representatives, like Cohen, about serious problems with CityTime." (SAC ¶ 34). It is therefore undisputed, as Plaintiff admits, that his job involved performance load testing, and required him to notify inform his supervisor regarding the results. *See Fisch v. New Heights Academy Charter Sch.*, No. 12–CV–2033, 2012 WL 4049959, at *6 (S.D.N.Y. 2012) ("Naturally, an employee who simply engages in behavior wholly consistent with his job description will not, without more, provide notice that he is acting 'in furtherance' of an FCA action."); *U.S. ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1523 (10th Cir. 1996) ("[T]he monitoring and reporting activities described in plaintiff's complaint were exactly those activities plaintiff was required to undertake in fulfillment of her job duties, and plaintiff took no steps to put defendants on notice that she was acting 'in furtherance of' an FCA action."). For this reason alone, Plaintiff's actions cannot be credited as "protected activity."

Plaintiff is likewise unable to prove that his assignment at the OPA was actually terminated in retaliation for that conduct. *Weslowski v. Zugibe*, 626 Fed.Appx. 20, 21 (2d Cir. 2015). Plaintiff cannot prove a causal connection between Plaintiff notifying Cohen, or others involved with the project, regarding problems with the performance of the CityTime project, and the eventual termination of his assignment. Most significantly, the evidence reveals that Spherion was not involved in the decision to terminate Plaintiff's assignment at OPA, and instead establishes that the decisions regarding his assignment emanated from OPA, not Spherion. Mr. Cohen stated at his deposition that the Spherion's direction to terminate consultants came from OPA. Plaintiff is unable to demonstrate that anyone from Spherion ultimately made the decision to terminate his assignment.

As to the last element required to prove Plaintiff's retaliation claims, this Court has previously noted the lack of temporal proximity between the alleged protected conduct and the termination of Plaintiff's assignment. As the Court recognized in its Order on the Motion to Dismiss, Plaintiff's alleged "protected activity" predated the termination of his assignment at the OPA by nearly eight months. (ECF 70). At the time his assignment ended, Plaintiff was working under Mahesh Sharma, a different supervisor. And, the allegations in the Second Amended Complaint that this Court deemed narrowly sufficient to state a claim have been widely disproven through discovery. In fact, Plaintiff *was* being criticized within Spherion, but such criticisms were due to Plaintiff's refusal to turn in time sheets when required, chronic attendance issues, and his failure to follow supervisors' instructions not to communicate directly with New York City agencies that were not in his chain of reporting command, and his doing so without supervisor approval. *See Forkell v. Lott Assisted Living Corp.*, No. 10 CIV. 5765 NRB, 2012 WL 1901199, at *12 (S.D.N.Y. May 21, 2012) (holding that no rational jury could find that defendants' stated reasons were pretextual or that a retaliatory motive was the true impetus for their decision.).

Lastly, Defendant will also be able to articulate a host of legitimate, non-retaliation reasons for Plaintiff's termination. As an initial matter, it is beyond dispute that an employer may terminate an employee based on inappropriate comments, violation of company policies, or disruptive

Case 1:15-cv-06605-JFK-OTW   Document 130   Filed 04/04/19   Page 3 of 3



<div align="right">Page 3</div>

behavior in the workplace. *See, e.g., Nieves v. Angelo, Gordon & Co.*, 341 F. App'x 676, 679 (2d Cir. 2009)*; Schnabel v. Abramson*, 232 F.3d 83, 87–88 (2d Cir. 2000).  Plaintiff admits in the SAC that he "began voicing his concerns to representatives at all relevant City agencies about the CityTime software's inadequacy in light of poor load test results. He spoke with City employees at both FISA and OPA." (SAC ¶ 29).  Discovery has revealed that Plaintiff, a low-level consultant, did not have the authority to do so.  The undisputed evidence of Plaintiff's violation of internal protocols, and noncompliance with Spherion's policies regarding time entry, submission of reports, and lateness, all provided an independent basis for discipline. Discovery has wholly disproven Plaintiff's claim that his assignment was terminated by Spherion as a result of its knowledge of any "protected activity."

All this leads to only one inescapable conclusion: Plaintiff has no case. The Court has given Plaintiff the opportunity to prove his retaliation claims, and he has failed. Accordingly the Court should not permit this litigation to go any further. It should instead authorize Defendant to move for summary judgment.

For the reasons set forth above, Defendant respectfully requests a pre-motion conference, or alternatively, a briefing schedule for summary judgment.

>Very truly yours,
>
>SEYFARTH SHAW LLP
>
>*/s/ Howard Wexler*
>Howard Wexler, Esq.

cc: All Counsel of Record (ECF)

55950864v.2