UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :

STATE OF NEW YORK *ex rel.* VINOD KHURANA, : 
et al.,                                                 :

                                                           Plaintiffs,        :
                                                                       :        15-CV-6605 (JMF)
                                  -v-                                          :
                                                                        :         <u>MEMORANDUM</u>
SPHERION CORP. (N/K/A SFN GROUP, INC.),       :       <u>OPINION AND ORDER</u>

                                                      Defendant.       :
                                                                        :
------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

       On January 4, 2016, the judge to whom this case was previously assigned "so ordered" a Stipulation and Order for the Protection and Exchange of Confidential Information. *See* Docket No. 30 ("Stipulation and Order"). Paragraph 12 of that Stipulation and Order provides:

> All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information, and not text that in no material way reveals the Confidential Information.

*Id.* ¶ 12. In light of *Brown v. Maxwell*, — F.3d —, No. 16-3945-CV, 2019 WL 2814839 (2d Cir. July 3, 2019), decided on July 3, 2019, the Court finds that paragraph problematic. Accordingly, the Court will vacate the paragraph and substitute a modified version in its place.

Both the common law and the First Amendment create a presumption of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-24 (2d Cir. 2006). Although the analysis is "somewhat different" depending on which source of law creates the presumption, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016), once the presumption is triggered, a court must "make specific, rigorous findings before sealing the document or otherwise denying public access," *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). That requires a court to "review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values," where the First Amendment presumption is implicated, *Brown*, 2019 WL 2814839, at *4 (internal quotation marks omitted), or "countervailing factors," where the common-law framework applies, *Lugosch*, 435 F.3d at 124. In short, and as the Second Circuit emphasized in *Brown*, any conclusion that sealing or redaction of documents that qualify as judicial documents is appropriate requires "individualized" — that is, document-by-document — "review." *Brown*, 2019 WL 2814839, at *6.

Furthermore, "[t]he mere fact that information is subject to a confidentiality agreement between litigants . . . is not a valid basis to overcome the presumption in favor of public access to judicial documents." *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015); *accord Accent Delight Int'l Ltd. v. Sotheby's*, No. 18-CV-9011 (JMF), 2019 WL 2602862, at *8 (S.D.N.Y. June 25, 2019); *see also, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) (explaining that "courts in this district have repeatedly found that the preservation of such bargained-for confidentiality does not overcome the presumption of access to judicial

documents" and collecting cases).  That is, a party must demonstrate reasons to justify sealing or redaction separate and apart from a private agreement to keep information confidential.

In light of those principles, a protective order authorizing the parties themselves to designate confidential material and to file such material under seal — without prior "individualized review" and "specific, on-the record findings" by the Court that such sealing or redaction is warranted — is inappropriate.  *Brown*, 2019 WL 2814839, at *4, *6.  Accordingly, the Court *sua sponte* reconsiders and VACATES Paragraph 12 of the Stipulation and Order and MODIFIES it to read as follows:

> Any party filing Confidential Material with the Court shall seek leave of the Court to file the material under seal or in redacted form in accordance with the procedures described in Paragraph 7 of the Court's Individual Rules and Practices in Civil Cases, which are available at http://www.nysd.uscourts.gov/judge/Furman.  The parties shall use their best efforts to minimize any proposed redactions or sealing in accordance with the presumption in favor of public access to judicial documents.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

The remainder of the Stipulation and Order remains in full force and effect.

No later than **August 2, 2019**, any party that believes any currently sealed documents should remain under seal shall file a letter-motion, not to exceed ten pages, explaining why each such instance of redaction or sealing is consistent with the presumption in favor of public access to judicial documents and narrowly tailored to serve whatever interest justifies it.  Any party filing such a letter-motion should follow the procedures described in Paragraph 7 of the Court's Individual Rules and Practices, including by providing the Court with a set of electronic courtesy copies of any material sought to be maintained under seal or in redacted form.  In the case of documents sought to be maintained entirely under seal, the moving party should provide the Court with a clean copy of such documents; in the case of any material

sought to be maintained in redacted form, the moving party should provide the Court with copies of such documents highlighting the information that has been redacted in the existing ECF filing.  If any such electronic courtesy copies are too large to submit by email, the moving party shall deliver them to the Court on a CD-ROM (*not* a flash drive).  The Court will thereafter unseal any document with respect to which the presumption is not overcome (or with respect to which no letter-motion is filed).  Finally, if the parties wish the Court to "so order" a new version of the Stipulation and Order reflecting the above modification to Paragraph 12 (or wish to propose different language consistent with this Memorandum Opinion and Order), they shall file an amended version of the proposed Stipulation and Order on ECF by the same date.

SO ORDERED.

Dated: July 19, 2019
      New York, New York

JESSE M. FURMAN
United States District Judge