UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
THE STATE OF NEW YORK <u>EX REL</u>    :   Civil Action No. 1:15-cv-06605-JFK-OTW
VINOD KHURANA and THE CITY OF        :
NEW YORK <u>EX REL</u> VINOD KHURANA,    :
                                     :   **ORAL ARGUMENT REQUESTED**
         Plaintiffs,                 :
    -against-                        :
                                     :
SPHERION CORP. (N/K/A SFN            :
GROUP, INC.),                        :
                                     :
         Defendant.                  :
------------------------------------------------------- X

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Dated:     New York, New York
           July 26, 2019

*Of Counsel:*
Christopher F. Robertson
Howard M. Wexler
Lisa L. Savadjian

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
*Attorneys for Defendant*

57291622v.3

**TABLE OF CONTENTS**

                                                                                                    **Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.     PLAINTIFF CANNOT ESTABLISH RETALIATION UNDER THE FCA .................... 2

        A.     Plaintiff Concedes He Did Not Engage In Any Legally Protected Activity........... 2

        B.     Plaintiff Presented No Evidence of Retaliatory Discharge ..................................... 6

II.    PLAINTIFF'S REMAINING ARGUMENTS ARE WITHOUT MERIT ......................... 7

        A.     Plaintiff's 56.1 Counter Statement is Substantively Flawed .................................. 7

        B.     Plaintiff's Objections to Admissibility Are Without Merit .................................... 9

CONCLUSION ............................................................................................................................. 11

57291622v.3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Augusta v. Cmty. Dev. Corp.*,
   363 Fed. Appx. 79 (2d Cir. 2010) ................................................................................................7

*Baroor v. N.Y. City Dep't of Educ.*,
   362 Fed. Appx. 157 (2d Cir. 2010) ..............................................................................................7

*Faldetta v. Lockheed Martin Corp.*,
   No. 98 Civ. 2614, 2000 WL 1682759 (Nov. 9, 2000 S.D.N.Y.) ..................................................6

*Garcia v. Aspira of New York, Inc.*,
   No. 07 Civ. 5600, 2011 WL 1458155 (S.D.N.Y. Apr. 13, 2011) ................................................3

*Goenaga v. March of Dimes Birth Defects Found.*,
   51 F.3d 14 (2d Cir. 1995) ............................................................................................................7

*Goldstick v. The Hariford, Inc.*,
   No. 00-8577, 2002 WL 1906029 (S.D.N.Y. Aug. 19, 2002) .......................................................8

*H. Sand & Co., Inc. v. Airtemp Corp.*,
   934 F.2d 450 (2d Cir. 1991) ......................................................................................................10

*Jenkins v. Eaton*,
   No. 08-CV-0713NGGLB, 2009 WL 811592 (E.D.N.Y. Mar. 27, 2009) ..................................10

*Johnson v. Carlo Lizza & Sons Paving, Inc.*,
   160 F. Supp. 3d 605 (S.D.N.Y. 2016) .......................................................................................10

*U.S. ex rel. Kester v. Novartis Pharm. Corp.*,
   23 F. Supp. 3d 242 (S.D.N.Y. 2014) ...........................................................................................2

*New York ex rel Khurana v. Spherion Corp.*,
   No. 15 CIV. 6605 (JFK), 2016 WL 6652735 (S.D.N.Y. Nov. 10, 2016) .........................2, 5, 10

*New York ex rel Khurana v. Spherion Corp.*,
   No. 15 CIV. 6605 (JFK), 2017 WL 1437204 (S.D.N.Y. Apr. 21, 2017) ....................................5

*Kruger v. Virgin Atlantic Airways, Ltd.*,
   976 F. Supp. 2d 290 (E.D.N.Y. 2013) ........................................................................................8

*Lawrence v. Int'l Bus. Mach. Corp.*,
   No. 12 CIV. 8433(DLC), 2017 WL 3278917 (S.D.N.Y. Aug. 1, 2017) ...............................4, 10

ii

*Mula v. AbbVie, Inc.*,
  No. 15-CV-6563-FPG, 2018 WL 501277 (W.D.N.Y. Jan. 22, 2018) ....................................... 4

*Ortiz v. Todres & Co., LLP*,
  No. 15 CIV. 1506, 2019 WL 1207856 (S.D.N.Y. Mar. 14, 2019) ....................................... 3, 4

*Plotzker v. Kips Bay Endoscopy Ctr., LLC*,
  No. 12 CIV. 9255, 2017 WL 4326061 (S.D.N.Y. Sept. 8, 2017), *aff'd sub
  nom. Plotzker v. Kips Bay Anesthesia, P.C.*, 745 F. App'x 436 (2d Cir. 2018) ....................... 4

*Ragusa v. Malverne Union Free Sch. Dist.*,
  381 Fed. Appx. 85 (2d Cir. 2010) ............................................................................ 7

*U.S. ex rel. Smith v. Yale Univ.*,
  415 F. Supp. 2d 58 (D. Conn. 2006) ........................................................................ 5

*Springer v. Durflinger*,
  518 F.3d 479 (7th Cir. 2008) .................................................................................... 2

*U.S. v. Neifert-White Co.*,
  390 U.S. 228 (1968) .................................................................................................. 2

*U.S. ex rel. Yesudian v. Howard Univ.*,
  153 F.3d 731 (D.C.Cir. 1998) ................................................................................ 4

## Rules

Fed. R. Evid. 201 ............................................................................................................ 10

Fed R. Evid. 801(c) ........................................................................................................ 9

Fed R. Evid. 802(d)(2) .................................................................................................. 10

Local Rule Rule 56.1 ..................................................................................................... 8

57291622v.3

Defendant Spherion Corp. (n/k/a SFN Group, LLC) ("Spherion") respectfully submits this Reply Memorandum of Law in further support of its Motion for Summary Judgment ("Motion").

## PRELIMINARY STATEMENT

Plaintiff Vinod Khurana's ("Plaintiff")[1] Opposition to Spherion's Motion for Summary Judgment ("Opposition") is a study in obfuscation and *non sequitur*, designed to distract the Court's attention from the gaping holes in the evidence and Plaintiff's failure to establish any triable issues of fact with respect to each element of his New York State and City False Claims Act ("FCA") retaliation claims. Nevertheless, the simplicity of this case is manifest. By Plaintiff's own admission, this is not a case about the reporting of false claims. It is instead the case of a difficult employee terminated for performance-related reasons, having admittedly *never* raised a report of any actual false claim or fraud during his employment, but who now hopes that his incessant criticisms about the CityTime project can be converted–*post hoc* a decade–into protected activity.

Plaintiff's claims rise and fall upon the threshold question of whether Plaintiff engaged in protected activity pursuant to the FCA. In this regard, the Court must not lose sight that even Plaintiff himself acknowledges that he *never* reported fraud or any actual "false" claim submitted to the City of New York. Given this dispositive admission, Plaintiff can neither hide behind the posturing of his factually unsupported pleadings, nor avoid the inconvenient truth that he failed to uncover a scintilla of evidence to establish that he was retaliated against for engaging in protected activity. Because Plaintiff has failed to prove any of the requisite elements of his FCA claims, summary judgment must be entered in favor of Spherion.

---

[1] Plaintiff's Motion for a "Relator's Share" was denied on March 28, 2017. (ECF 84). Since then, the Court has consistently referred to Mr. Khurana as "Plaintiff" in several Opinions and Orders. (*See e.g.*, ECF 86, 96 & 128). Accordingly, Spherion likewise refers to Mr. Khurana as simply, the "Plaintiff."

57291622v.3

**ARGUMENT**

I.   **PLAINTIFF CANNOT ESTABLISH RETALIATION UNDER THE FCA**

"[S]ummary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Nothing in Plaintiff's Opposition comes close to defeating summary judgment on his FCA claims.

   A.   **Plaintiff Concedes He Did Not Engage In Any Legally Protected Activity**

Plaintiff fails to satisfy the critical first step in meeting his burden of proving he engaged in protected activity, as he has not identified any report of an actual false claim submitted by Spherion to the City of New York. Rather, his Opposition confirms the central argument of Spherion's Motion. Plaintiff improperly relies entirely on the assertion that his complaints about CityTime's performance test results, observations which were made pursuant to his job, necessarily lead to the conclusion that Spherion submitted false claims for payment to the City of New York. Plaintiff is wrong as a matter of law.

To understand just how far Plaintiff's evidence falls short, the Court should first consider the purpose of the federal FCA statute. The FCA "is phrased to reach any person who "makes a false bill, receipt, . . . claim, for the purpose of obtaining or aiding to obtain the payment or approval of such a false claim." *U.S. v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). Thus, "the submission of a false claim is the *sine qua non* of a [FCA] violation." *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 253 (S.D.N.Y. 2014). In turn, the statute "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for payment." *Id.* To bring a *qui tam* claim, a plaintiff must plausibly allege that a defendant submitted a claim to the government was "false or fraudulent." *New York ex rel Khurana v.*

2

*Spherion Corp.*, No. 15 CIV. 6605 (JFK), 2016 WL 6652735, at *14 (S.D.N.Y. Nov. 10, 2016) ("Khurana I"). Absent an actual claim for payment that is false, there is no FCA violation.

Thus, for Plaintiff to sustain an action for retaliatory discharge under the FCA, he must have engaged in conduct protected under the FCA, either acts "in furtherance of an action under the FCA," or "other efforts to stop one or more violations of the FCA." *Ortiz v. Todres & Co., LLP*, No. 15 Civ. 1506, 2019 WL 1207856, at *4 (S.D.N.Y. Mar. 14, 2019). It is black-letter law that "even under the broadest reading of the in furtherance of an [FCA] action, an employee's activities that are not related to exposing or deterring fraud, are not whistle blowing as envisioned in the paradigm *qui tam* FCA action." *Garcia v. Aspira of New York, Inc.*, No. 07 Civ. 5600, 2011 WL 1458155, at *4 (S.D.N.Y. Apr. 13, 2011).

Against this backdrop, Plaintiff must demonstrate that he first reported a *false claim* or *fraud*. In this regard, Plaintiff's Opposition is remarkable both for what it says and does not say. First, Plaintiff made *no effort* to distinguish the considerable authority cited in Spherion's Motion extricating Plaintiff's complaints regarding the merits of OPA's pursuit of the CityTime project from the scope of the FCA. (Motion at 7-14). Plaintiff then effectively concedes he did not engage in protected activity, as he does not even claim he raised concerns regarding, or much less identify evidence that he reported, the submission of any actual *false claim* for payment to the City. The only evidence Plaintiff even purports to cite to oppose Spherion's Motion is his reporting that the "CityTime project was not viable and should be scrapped in its entirety and that any further expenditure of funds on the product, in addition to much of the funds already expended, constituted waste and abuse." (RSOF ¶ 77), which "he viewed as synonymous with fraud." (Opposition at 10).

These facts, coupled with Plaintiff's subjective opinion, do nothing to move the needle, as they have nothing to do with the submission of *false claims*, which is *exactly* what Courts within

3

this Circuit hold insufficient to establish FCA protected conduct. *See Ortiz*, 2019 WL 1207856, at \*4 (granting summary judgment to Defendant where "no reasonable jury could find that Plaintiff's proposed adjustments [to financial statements] were directed at preventing or exposing a fraud on the government such that they constituted protected activity."); *Mula v. AbbVie, Inc.*, No. 15-CV-6563-FPG, 2018 WL 501277, at \*7 (W.D.N.Y. Jan. 22, 2018) (granting summary judgment to Defendant where absent evidence that Plaintiff's alleged report concerned the submission of false claims, she could not claim that her reporting was protected conduct under the FCA). Likewise, Plaintiff's internal complaints about the quality of Spherion's staff or the efficacy of the CityTime project does not constitute FCA-protected activity. *See Lawrence v. Int'l Bus. Mach. Corp.*, No. 12CV8433(DLC), 2017 WL 3278917, at \*8 (S.D.N.Y. Aug. 1, 2017) (finding no protected activity where Plaintiff's "internal complaints" about the quality of employer's internal controls did not describe a concern employer defrauded Fannie Mae by filing false claims).

When Plaintiff argues that Spherion exalts form over substance (Opposition at 5-6), Plaintiff asks the Court to disregard the clear import of his own admissions. Simply put, "Plaintiff claims that he engaged in protected conduct, but all of the evidence on the record says otherwise. Plaintiff fails to raise a genuine issue of material fact." *Plotzker v. Kips Bay Endoscopy Ctr., LLC*, No. 12 CIV. 9255, 2017 WL 4326061, at \*6 (S.D.N.Y. Sept. 8, 2017), *aff'd sub nom. Plotzker v. Kips Bay Anesthesia, P.C.*, 745 F. App'x 436 (2d Cir. 2018); *compare U.S. ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 740 (D.C.Cir. 1998) (holding "investigations, inquiries, testimonies or other activities that concern the employer's knowing submission of false or fraudulent claims for payment to the government" constitute "protected conduct").

While Plaintiff's retaliation claims do not depend on the viability of his now-dismissed *qui tam* FCA claims, this Court has already made critical observations worth revisiting. When

dismissing Plaintiff's *qui tam* claims, the Court observed that the crux of Plaintiff's false billing claim was the contention that Spherion billed for certain services it did not actually provide. *See Khurana I*, 2016 WL 6652735, at *15. But in finding that Plaintiff did not qualify as an original source, the Court disagreed that Plaintiff's disclosures in November 2004 "relat[ed] to his load test discovery of the CityTime software's inability to support more than 20 parallel users at a time" were disclosures of potential fraud, specifically stating that they did not "implicate Mazer and Berger's fraudulent kickback and overbilling scheme, which did not even begin until 2005 or 2006, according to Plaintiff." *Id.* at *13. The Court also found that even *after* Plaintiff's termination, to the extent that his Report to the DOI provided any allegations relating to Mazer and Berger, it was "primarily vague or conclusory." *Khurana I*, 2016 WL 6652735, at *13. When later dismissing his substantive *qui tam* claims with prejudice, the Court again confirmed that "[e]ven if Mazer's fraud scheme began in 2004 and "concealing the lack of progress on CityTime[ ] was an integral part of the kickback fraud," this does not change the fact that Plaintiff's alleged disclosures to FISA *related only to load test results and CityTime's performance*." *New York ex rel Khurana v. Spherion Corp.*, No. 15 CIV. 6605 (JFK), 2017 WL 1437204, at *5 (S.D.N.Y. Apr. 21, 2017) ("Khurana II") (emphasis added). Simply stated, there was no reporting of any actual "false claim," and Plaintiff admitted so in a February 1, 2009 Complaint to the City's DOI, and again in his December 22, 2010 interview, stating that he had no "hard facts" of fraud while he was employed at Spherion. (SOF ¶¶102, 174). Unsupported revisionist history cannot now save his claims.

Despite Plaintiff's assertion that he deliberately defied his supervisors' authority by speaking out of the chain of command, such a contention is a dead end because internal reporting must concern *false claims* to constitute protected activity for purposes of a retaliation claim. *See U.S. ex rel. Smith v. Yale Univ.*, 415 F. Supp. 2d 58, 103 (D. Conn. 2006). Plaintiff does not,

5

57291622v.3

because he cannot, provide any evidence he ever reported any actual false claim.  For example, Plaintiff's reference to Sharif Sirageldin's statement that he reported to OPA management that the project was on target is a nonstarter.  (Opposition at 14).  First, this statement has nothing to do with any assertion of the submission of a false claim.  Second, Plaintiff's patently tortured misinterpretation of this communication is undermined and disproven by Sirageldin's explanation that it was not appropriate for Plaintiff to report testing information prematurely to the client when additional testing and verification remained to be completed.   (SOF ¶¶ 65, 69).  Choosing not to report information to a client until that information is verified, reviewed and complete does not constitute submission of a false claim for payment, nor does it constitute fraud.

### B. Plaintiff Presented No Evidence of Retaliatory Discharge

The evidence demonstrates that Plaintiff's employment was terminated due to the culmination of issues including tardiness, refusal to follow directions and comply with internal deadlines, and an inability to work with coworkers coupled with regular criticisms of his team. (SOF ¶ 136; *see Faldetta v. Lockheed Martin Corp.*, No. 98 Civ. 2614, 2000 WL 1682759 at *13 (Nov. 9, 2000 S.D.N.Y.) (summary judgment granted dismissing FCA retaliation claim where employer shows legitimate, non-retaliatory basis for termination of employment).

Critically, Plaintiff's attempt to discredit the documentation of his poor performance as merely "one-time" occurrences or incidents "not worthy" of termination is not a denial that these incidents occurred and were documented.  Plaintiff instead muddies—and at times, wholly distorts—the record with immaterial and unsupported "facts."  For instance, when confronted with well-documented evidence of his own performance deficiencies justifying the termination of his employment, Plaintiff asserts that certain (but not all) of his coworkers testified over a decade later that he was a "good guy," and thought "well of him," despite his chronic noncompliance with his supervisor's instructions. (RSOF ¶¶ 130, 148-149, 152).  Plaintiff's suggestion that well-

6

documented performance issues were illegitimate in light of this commentary is simply insufficient to carry his stringent burden to prove that Spherion's justifications for his termination were pretext.

Equally unavailing is Plaintiff's attempt to claim that there is no plausible temporal connection between the criticisms of his performance and his termination. Plaintiff's tardiness was again noted in a June 1, 2007 e-mail written by Mahesh Sharma, mere weeks before his termination. (SOF ¶ 152). Regardless, temporal proximity between allegedly protected conduct and termination is insufficient to create a question of fact as to non-retaliatory intent when a Plaintiff's ongoing poor performance is well documented. *See Ragusa v. Malverne Union Free Sch. Dist.*, 381 Fed. Appx. 85, 89 (2d Cir. 2010). Here, the temporal issues, which confirm that Plaintiff's termination was immediately preceded by performance issues and violations of policy, but distant from his reporting of testing results, support rather than undermine summary judgment.

## II.  PLAINTIFF'S REMAINING ARGUMENTS ARE WITHOUT MERIT

### A.  Plaintiff's 56.1 Counter Statement is Substantively Flawed

To survive summary judgment, Plaintiff must "do more than simply show there is some metaphysical doubt as to the material facts" and rely upon "unsubstantiated speculation." *Baroor v. N.Y. City Dep't of Educ.*, 362 Fed. Appx. 157, 161 (2d Cir. 2010). But that is all Plaintiff offers here. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (a non-movant cannot meet its burden through "reliance on unsupported assertions," or "conjecture or surmise," or "conclusory statements, or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the adverse party's pleadings"). Moreover, where, as here, "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Augusta v. Cmty. Dev. Corp.*, 363 Fed. Appx. 79, 80 (2d Cir. 2010).

7

First, much of Plaintiff's Response to Spherion's Rule 56.1 Statement of Material Facts ("RSOF") does not comply with Local Rule 56.1(b). Instead of identifying genuine issues of fact, it is replete with legal argument and unsupported factual assertions, each of which should be ignored by this Court, while Spherion's proffered fact deemed admitted. *See, e.g.*, *Kruger v. Virgin Atlantic Airways, Ltd.*, 976 F. Supp. 2d 290, 308 (E.D.N.Y. 2013) ("Plaintiffs make legal arguments in their Rule 56.1 Statement that should appear only in their memorandum of law. Accordingly, the Court will deem the facts admitted where Plaintiffs' responsive 56.1 statements are either legal argument or conclusory denials unsupported by evidence.").

In response to Spherion's Fact 101, asserting that not even Plaintiff's 2009 Complaint to the DOI (long after he had left Spherion) raised issues relating to fraud, Plaintiff argues *without any record support*, that "the clear import of Relator's report is that Mazer, Berger, and SAIC prolonged a failing project – while concealing the true extent of the project's problems – in order to enrich themselves at the City's and taxpayers' expense." (RSOF ¶ 101). By further example, Spherion's Fact 148 states that Plaintiff received a reprimand from his supervisor Sharma for being late, and cites to the transcript where Plaintiff agrees to this Fact, though using the word "concern" rather than a "reprimand."  (SOF ¶ 148).  Plaintiff then recites a nearly *two-page* factually-unsupported narrative that he somehow should have been "allowed" to arrive late in violation of policy.  (RSOF ¶ 148). The argument in this response is improper, much like the rest of the responses that follow this pattern.  And where Spherion again presents Plaintiff's irrefutable testimony admitting to timeliness issues, Plaintiff responds with unsupported argument that he claims supports his "belief" that his purported lateness was insignificant.  (RSOF ¶ 149). These narrative and argumentative "objections" are improper spin that should be disregarded.  *See Goldstick v. The Hariford, Inc.*, No. 00-8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002)

("Plaintiff adds argumentative and often lengthy narrative in almost every case, the object of which is to 'spin' the impact of the admissions plaintiff has been compelled to make . . . [Which is] a manifest evasion of the page limitation on plaintiff's memorandum").

Plaintiff's Opposition also ignores the well-developed record of testimony provided by Spherion's witnesses, and asserts partial objections that Spherion's material facts (backed up by documentary evidence) are "personal opinion." (*See* RSOF ¶¶ 93, 96). Curiously then, Plaintiff himself primarily relies on his own self-serving, conclusory statements and unsubstantiated opinions set forth in his own Declaration, dated November 23, 2015, which was first submitted in opposition to Spherion's Motion to Dismiss the Second Amended Complaint, and authored prior to discovery. (*See* ECF 153, Declaration of Andrew McNeela, Esq., ¶ 7, Exhibit 5). In doing so, Plaintiff implores the Court to ignore the actual evidence, corroborated by several defense witnesses, and instead accept only *his* unsupported version of events. This attempt to have it both ways aside, the Court need not credit Plaintiff's conclusory allegations supported only by citation to Plaintiff's Declaration, which unlike Spherion's factual recitations, cites nothing in the record.

## B. Plaintiff's Objections to Admissibility Are Without Merit

Plaintiff's Response to Spherion's SOF also asserts needless objections to unfavorable evidence in an attempt to blunt the impact of that evidence, but such objections are misplaced. First, Plaintiff asserts a preposterous objection to the admissibility of the financial Audit Report of the Office of the Comptroller, claiming it is hearsay and unreliable. (RSOF ¶¶ 170-172). The Audit Report determined that the "OPA mismanaged its quality assurance agreement with Spherion, which severely limited Spherion's ability to oversee the development of CityTime." (SOF ¶¶ 168-170). Spherion offers the Audit Report not to prove the truth of the matter asserted, thus defeating any hearsay bar under Fed R. Evid. 801(c), but rather to support its argument that Plaintiff could not have harbored a reasonable belief that Spherion was engaged in fraud, in light

9

of the Findings that Spherion's ability to oversee the development was limited due to the OPA's "mismanagement." *See Lawrence v. Int'l Bus. Mach. Corp.*, No. 12 Civ. 8433, 2017 WL 3278917, at *6 (S.D.N.Y. Aug. 1, 2017) ("[C]ourts must evaluate whether (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is committing fraud against the government.").

Regardless, because the City of New York is a party to this action, (despite its election not to intervene), the Audit Report falls within the enumerated hearsay exception as a Statement by a Party Opponent under Fed R. Evid. 802(d)(2), such that there is no legitimate objection to be lodged even if it were to be offered for its truth. *See H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454–55 (2d Cir. 1991) (documents containing statements made by defendant and its agents are not hearsay because they constitute admissions of a party-opponent). Moreover, in dismissing Plaintiff's *qui tam* claims under the public disclosure bar, the Court already found "there is no dispute as to the[] document['s] authenticity." *Khurana I*, 2016 WL 6652735, at *11 (the "Audit Report qualif[ies] under the NYS FCA because [it was] publicly disclosed "in a federal, New York state or New York local government report, hearing, audit, or investigation").[2]

Lastly, Plaintiff challenges Spherion's assertion that the issues with the CityTime project were well known, arguing that such assertions are "without support." (Opp. at 13). Nothing could be further from the truth. Nearly three years ago, this Court determined that that relevant public disclosures were made, including the fact that "relevant news articles were published between June 2004 and December 2010." *Khurana I*, 2016 WL 6652735, at *11.

---

[2] The Court may also take judicial notice of the Audit Report pursuant to Fed. R. Evid. 201 as a public report and record of an administrative agency. *See Jenkins v. Eaton*, No. 08-CV-0713NGGLB, 2009 WL 811592, at *1 (E.D.N.Y. Mar. 27, 2009); *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 616 (S.D.N.Y. 2016) (taking judicial notice of Prevailing Wage Schedule prepared by the Office of the Comptroller as public record).

## **CONCLUSION**

For the foregoing reasons, Spherion's motion for summary judgment should be granted and Plaintiff's claims for retaliation pursuant to the State and City False Claims Acts be dismissed.

Dated: New York, New York  
       July 26, 2019

SEYFARTH SHAW LLP

By: */s/ Christopher F. Robertson*  
    Christopher F. Robertson  
    Howard Wexler  
    Lisa L. Savadjian  
    620 Eighth Avenue  
    New York, New York 10018  
    Tel: (212) 218-5500  
    Fax: (212) 218-5526

*Attorneys for Defendant Spherion Corp.*  
(*n/k/a SFN Group, Inc.*)

57291622v.3