UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    :
THE STATE OF NEW YORK *EX REL* VINOD                      :
KHURANA and THE CITY OF NEW YORK *EX REL*               :
VINOD KHURANA,                                            :
                                                          :   No. 15-CV-6605-JFK
                              Plaintiff,                   :
                                                          :
         -against-                                        :
                                                          :
SPHERION CORP. (N/K/A SFN GROUP, INC.),                  :
                                                          :
                              Defendant.                  :
------------------------------------------------------------------X    :


**CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF-RELATOR'S MOTION TO AMEND**


Dated:      New York, New York
            January 3, 2017


                              ZACHARY W. CARTER
                              Corporation Counsel of the
                              City of New York
                              100 Church Street
                              New York, New York 10007
                              *Attorneys for the City of New York*


Of Counsel:
       Gail Rubin
       Sabita Krishnan

## PRELIMINARY STATEMENT

The City of New York (the "City") submits this memorandum of law in opposition to Plaintiff-Relator Vinod Khurana's ("Relator" or Khurana) motion for leave to file a proposed Third Amended Complaint.  Khurana filed the motion pursuant to the Court's November 10, 2016 order granting in part and denying in part defendant Spherion Corp.'s ("Spherion") motion to dismiss ("Opinion & Order).  The Opinion & Order provided that the Court would consider a motion, but required Khurana to demonstrate "that he is capable of curing the deficiencies in his qui tam claims and that justice requires granting leave to amend." *New York ex rel. Khurana v. Spherion Corp.,* 2016 U.S. Dist. LEXIS 156572, at *53 (S.D.N.Y. Nov. 10, 2016).

The City has an interest in the portion of Khurana's motion in which he asserts that the TAC alleges he is an original source because Khurana urges the Court to adopt interpretations of the original source exception in the New York City False Claims Act (the "NYC FCA"), and the New York False Claims Act ("NYS FCA"), that are contrary to the statutory purpose of the public disclosure bar and original source exception.  The City also has an interest in this motion because the City's position in its opposition to Khurana's motion for a relator share is that Khurana is not an original source for the same reasons set forth in the Opinion & Order.  Nothing that Khurana proposes to add in the Proposed Third Amended Complaint ("TAC") changes the Court's decision.[1]

---

[1] The City does not take any position with respect to the remainder of Khurana's motion.

## ARGUMENT

I.  **In Order to Satisfy Either Prong of the Original Source Requirement, a Relator Must Provide Information Directly to Appropriate Government Officials**

a.  **Posting Anonymous Online Comments That City Employees Happen to Read Does Not Satisfy the Requirement That an Original Source Voluntarily Disclose Information to the Government**

Khurana asserts that a comment he posted online on April 1, 2010 to a *New York Daily News* article should be considered information he provided to the government. Relator's Memorandum of Law in Support of Motion for Leave to File Proposed Third Amended Complaint ("Rel. Mem.") at 4-5. However, this comment was, self-evidently, provided not to "the government," but instead appeared anonymously as a comment on a *New York Daily News* website. An anonymous website comment cannot satisfy the purpose of the false claims acts to encourage relators to bring information about fraudulent activity to the government so that it can be investigated. Khurana's argument that he disclosed information "to the government" because his internet comments happened to be read by diligent City employees puts the onus on the government to search the internet for information regarding potential fraudulent activity—a herculean task—rather than on relators to bring that information to the government.[2]

---

[2] Khurana certainly knew how to get in touch with the appropriate City investigators; he emailed his 2009 complaint to DOI over a year before posting these comments. Khurana asserts in his Reply Memorandum in Support of Motion for Relator Share ("Reply Mem.") that it was "reasonable for Khurana to make disclosures through online media to pressure the government into being taken seriously" because of the "apparent apathy of DOI to his 2009 complaint." Reply Mem. at 6 n. 4. In fact, DOI attempted to speak with Khurana about his 2009 complaint, but it was Khurana who was apathetic, failing to respond. *See* Affidavit of Matthew Befort (submitted with the City's Opposition to Khurana's Motion for a Relator Share) ¶¶ 28-28, Ex. 3-4.

Comments posted on the internet simply cannot satisfy the requirement that an original source "voluntarily disclose to the state or local government the information on which allegations or transactions in a cause of action are based." The original source exception "encourages private individuals to come forward with their information of fraud at the earliest possible time and . . . discourages persons with relevant information from remaining silent." *United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1280-81 (10th Cir. 2001); *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 915 (7th Cir. 2009) (same); *U.S. ex rel. Barth v. Ridgedale Elec., Inc.*, 44 F.3d 699, 704 (8th Cir. 1995) (same). In *King*, the Tenth Circuit found that the relator was not an original source even though his attorney had met with the government and provided some information, but did not provide the identities of the defendants, because the "government's ability to analyze and assess [the information relator provided] was hampered, if not blocked, by this omission of identities." *King,* 264 F.3d at 1281. Here, the City had no ability to "analyze and assess" Khurana's information because he posted them on the internet instead of providing the information directly to the government. None of Khurana's allegations regarding City employees that may have read his internet comment, *see* TAC¶¶ 82-85, change the fact that Khurana did not come forward to the government with this information and now seeks to benefit from the fact that diligent government employees stumbled upon his comment. Moreover, the TAC does not include any new allegations with respect to the online comments; the only information the TAC adds is the date of the comment and the actual text of the comment. *Compare* SAC ¶ 63 and TAC ¶ 81.[3]

---

[3] Khurana claims that his comment "highlighted . . . that Mazer had maintained an inappropriate business relationship with a com pany called 'DS Solution,'" but in f act the comment merely suggests that a "company by the name of DS Solutions should also be investigated to determ ine if there were any ties between it's [*sic*] owner (supplier) and Mark Mazer." *See* TAC ¶ 81. Even if Khurana had gone to the appropriate City o   fficials  and suggested the City investigate "a

b. **An Original Source Must Disclose Information to Appropriate Government Officials**

Khurana asserts "2004 disclosures" to FISA and OPA satisfy the "original source" requirements. Rel Mem. at 2-3. These disclosures amount to conversations with two FISA employees with whom Khurana alleges he developed a "relationship of trust."[4] TAC ¶38. Khurana does not allege that these employees had any responsibility with respect to investigating fraud. As New York City rules make clear, a relator submits a proposed complaint to the "City" by sending it to the New York City Department of Investigation, which is required to forward it to the New York City Law Department. 46 Rules of the City of New York §3-01. Similarly under the state law, a relator must serve a complaint on the Attorney General, who then forwards it to the Corporation Counsel. NY Finance Law 190(2)(b). These are entities that have authority to investigate claims, allegations of fraud and potential violations of the statute. Given these provisions, it certainly cannot be, as Khurana argues, that providing information to any one of the hundreds of thousands of government employees, regardless of their responsibilities, powers or ability to investigate allegations of fraud, satisfies the requirement to provide information to the government such that a relator qualifies as an original source.

## II. The TAC Fails to Cure the Deficiencies Identified in the Opinion & Order

As the Court set forth in the Opinion & Order, "[u]nder the NYS FCA and NYC FCA, a Plaintiff can qualify as an original source . . . if prior to a qualifying public disclosure, he 'voluntarily disclosed to the state or a local government the information on which allegations

company called DS Solution," that would not ha ve disclosed the m assive fraudulent schem e involving kickbacks and overbilling that is the basis for Khurana's vicarious liability claim.

[4] Although Khurana asserts that he "warned" Joel Bondy, the th en Executive Director of the Office of Payroll Adm inistration, *see* TAC ¶36, he provides no speci fic details of what he allegedly told Bondy.

or transactions in a cause of action are based'" or if "he has knowledge that is 'independent of' and 'materially adds to' the publically disclosed allegations or transactions, and has provided such information to the state or local government. . .  before or at the same time that the plaintiff filed suit." *Khurana*, 2016 U.S. Dist. LEXIS 156572 at *34-35.   Under either prong, the information the relator provided to the government is central to the analysis.  Because Khurana's motion to amend fails to identify any additional information he provided to the government that was not included in the Second Amended Complaint ("SAC"), there is nothing in the TAC that changes the Court's considered analysis that Khurana is not an original source.

      a.   **Khurana Did Not Provide the Information on Which the Allegations and Transaction in His Complaint are Based to The City Prior to the Public Disclosures**

      With respect to the first prong, the Court held that Khurana "does not plausibly allege that the information he provided [to the government] is the information on which his vicarious liability claims are based." *Id.* at *35.  Specifically, the Court found that (1) alleged "disclosures of 'potential fraud' to FISA, OPA, SAIC and Spherion in or about November 2004" relate to Khurana's "load test discovery of the CityTime software's inability to support more than 20 parallel users at a time, not to Mazer and Berger's fraudulent kickback and overbilling scheme;" *id.* (citing SAC ¶61), and (2) Khurana's early 2009 complaint to DOI included information that was "primarily vague or conclusory" and did not include "any information regarding the alleged kickback and false billing scheme on which Plaintiff's vicarious liability claims are based," *id.* at *36.  With respect to the latter, because the Court reviewed the full text

of Khurana's 2009 complaint to DOI and found it to be "primarily vague or conclusory," nothing in any amended pleading could change the Court's finding.[5]

  With respect to the Court's finding regarding Khurana's alleged communications with FISA and OPA in November 2004, Khurana focuses on the Court's statement that "Plaintiff's alleged disclosures in 2004 could not have provided the information supporting his allegations" because according to the SAC the "scheme did not begin until 2005 or 2006." *Khurana*, 2016 U.S. Dist. LEXIS 156572 at *35-*36. Khurana argues that by amending the TAC to allege that the scheme began in 2004, *see e.g.* TAC ¶ 20, he has addressed this deficiency. Regardless of when the fraudulent scheme began, as the Court held, Khurana did not provide the City any information about a kickback scheme, overbilling scheme, or any scheme to defraud the City in 2004, or at any time prior to the public disclosures.[6] New allegations regarding an email Susan Amodeo, a FISA employee, sent to Khurana requesting a "confidential chat", *see* TAC ¶ 39, and an email Berger sent to Mazer, *see* TAC ¶ 40, fail to identify any information Khurana provided the City in 2004 and therefore do not cure the deficiencies identified by the Court.

  b. **Khurana Did Not Provide the City with Information that Materially Adds to the Publicly Disclosed Allegations and Transactions**

  The Court held that Khurana does not qualify as an original source under the second original source prong because:

---

[5] Relator's attempt to use his anonymous 2009 iRepor t to bolster these allegations (Mem . At 3), must fail because, as discussed above, this re port was not m ade "to the governm ent," and like Khurana's DOI com plaint, fails to relate specific information regarding a kickback and false billing scheme.

[6] To extent Khurana focuses on his allegatio n that he told FISA em ployees that "Mazer and Berger had told him that they knew the project was going to fail," *see* TAC ¶ 37, this allegation was included in the SAC and considered by the Court, *see* SAC ¶ 32; *Khurana*, 2016 U.S. Dist. LEXIS 156572 at *13.

> the Criminal Complaint disclosed detailed allegations regarding Mazer and
> Berger's fraud before Plaintiff brought this suit.  There was ample information
> publicly disclosed to allow the government to investigate Spherion's potential
> vicarious liability.  Nothing in the complaint or the documents incorporated by
> reference demonstrates that Plaintiff has knowledge that adds in a material way to
> the publicly disclosed allegations and transactions.

*Khurana*, 2016 U.S. Dist. LEXIS 156572 at *37.   The TAC adds allegations that: (1) an

assistant United States attorney considered DOI's "write-up" of its interview of Khurana "very

helpful," TAC ¶ 88; (2) a DOI investigator stated that an email Khurana sent to DOI "has some

interesting things," *id.*;  (3) the "head of the investigation at DOI, John Kantor, . . . sought a

second interview with Relator in order to question him about emails concerning consultants

billing CityTime for work done on the unrelated CHARMs program," *id.* ¶ 89; and (4) "at this

second meeting [with Khurana], DOI investigator Befort identified as an 'important recollection'

Relator's disclosure that SAIC Fayerman admitted that he knew DA Solutions was managed by

Mazer's wife," *id.*   These minimal allegations do not cure the deficiency identified by the Court.

A few Circuit courts have recently addressed the standard a court should apply in

determining whether information "materially adds" to publicly disclosed allegations and

transactions.  The First Circuit found that a court must determine "whether the relators'

allegedly new information is sufficiently significant or essential so as to fall into the narrow

category of information that materially adds to what has already been revealed through public

disclosures."  *United States ex rel. Winkelman v. CVS Caremark, Corp.,* 827 F.3d 201, 211 (1st

Cir.); *see also United States ex rel. Advocates for Basic Legal Equal, Inc. v. U.S. Bank, N.A.,*

816 F.3d 428 (6th Cir. 2016) ("Materiality in this setting requires the claimant to show it had

information of such a nature that knowledge of the item would affect a person's decision-

making, is significant, or is essential.") (internal quotations omitted).  The Third Circuit applied

a similar formulation, finding that "a relator materially adds to the publicly disclosed allegation

or transaction of fraud when it contributes information . . . that adds in a significant way to the essential factual background: 'the who, what, when, where and how of the events at issue.'" *United States ex rel. Moore & Co. PA v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 306 (3rd Cir. 2016). The first two new allegations do not identify any actual information Khurana provided, let alone any significant or essential information. As for the third new allegation, in light of the "ample information" that was already publicly disclosed about the kickback and overbilling scheme, *see Khurana*, 2016 U.S. Dist. LEXIS 156572 at *37, an allegation that consultants were improperly billing for an unrelated project plainly does not add information that is significant or essential. And, as to the fourth new allegation, because the Criminal Complaint publicly disclosed the relationship between Mazer and DAS, Khurana does not add significant or essential information when he alleges that he told DOI, after the Criminal Complaint publicly disclosed the relationship, that an SAIC employee may have been aware of the relationship.

These minimal and insufficient additions to the TAC are not the crux of Khurana's argument, however, which appears to be that the government in the June 2011 Superseding Indictment enlarged its scope of the fraud to include a "general fraud" to "artificially delay the deployment and implementation of the Project" based on Khurana's alleged disclosure to the City prior to that date regarding "Mazer and Berger's knowing concealment of the implementation delays early in the life of the project." Relator argues that this information "materially adds" to what was publicly disclosed by the Criminal Complaint in 2010. Rel. Mem. at 5-6. First, and foremost, the fatal flaw to Khurana's argument is that, as the Court has already found, there was "ample information publicly disclosed [by the Criminal Complaint] to allow the government to investigate," including even the "general fraud" Khurana

describes.  *Khurana*, 2016 U.S. Dist. LEXIS 156572 at *37.  The Criminal Complaint publicly disclosed a scheme to defraud the City through contract amendments to extend the project, hire more consultants and obtain kickbacks.  That Mazer and Berger were prolonging the project was therefore already publicly disclosed.

Moreover, to the extent Khurana claims he provided the government evidence that 'illustrated the project's performance failures,'" Rel. Mem. at 6, the only information in the TAC are allegations relating to the 2004 load testing results showing that the Citytime program was unable to handle the expected volume of users at that time and that Mazer and Berger told him that they "knew the project was going to fail." *see* TAC ¶ 37.  These allegations are nothing new; they were in the SAC.   They suggest that Mazer and Berger were trying to hide from the City that CityTime was not performing well, not that Mazer and Berger were intentionally delaying Citytime's deployment and implementation in order to prolong the project and profit from overbilling and kickbacks.    At best, this information merely adds "detail or color" regarding the conduct of the publicly disclosed scheme.  *See Winkelman*, 827 F. 3d at 213.  Accordingly, Khurana has failed to demonstrate that he provided the government with information that adds in a material way to the publicly disclosed allegations and transactions.

## **<u>CONCLUSION</u>**

For all of the reasons set forth herein, the Court should find that nothing in the proposed Third Amended Complaint changes the Court's holding in the November 10, 2016 Opinion & Order that Plaintiff-Relator is not an original source with respect to his vicarious liability claim.

Dated:      New York, New York
            January 3, 2017

                            ZACHARY W. CARTER
                            Corporation Counsel of the City of New York
                            *Attorneys for the City of New York*
                            100 Church Street, Room 20-83
                            New York, New York  10007
                            (212) 356-2273

                            By:      ___/s/___*Sabita Krishnan*_____
                                     Sabita Krishnan