

**Seyfarth Shaw LLP**
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
T (617) 946-4800
F (617) 946-4801

crobertson@seyfarth.com
T (617) 946-4989

www.seyfarth.com

April 27, 2020

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

**Re:** <u>Khurana v. Spherion Corp. (n/k/a SFN Group, Inc.), 1:15-cv-06605-JMF-OTW</u>

Judge Furman:

This firm represents Defendant SFN Group, Inc., f/k/a Spherion Corp. ("Spherion"). We submit this letter to request that the Court temporarily suspend the deadline for the filing of the Joint Pre-trial Order until Chief District Judge McMahon's April 20, 2020 Standing Order relating to the suspension of all jury trials as a result of COVID-19 is lifted, at which time, the parties would return to this Court to seek a definitive filing deadline.

The Pre-Trial Order is currently due on May 15, 2020. (This date was previously adjourned upon request, but the last adjournment request by Plaintiff was submitted on April 14, 2020, and at the time, jury trials were set to resume on June 1, 2020 per the now-superseded March 27, 2020 Standing Order). Although much remains unknown about when jury trials will resume in the Southern District of New York, Spherion understands the Court will be eager to resume its normal practices once the Standing Order is lifted, and the parties certainly recognize the Court's mandate that they be trial ready as soon as possible in light of the unsuccessful mediation. To that end, the parties have been working cooperatively, and have even exchanged witness lists and agreed on a preliminary schedule for disclosures for the joint drafting of the Pre-Trial Order.

However, given the unforeseen change in circumstances in light of the April 20, 2020 Standing Order, and the restrictions on large gatherings in New York City, Spherion seeks the Court's practical guidance in moving forward. Needless to say, in usual circumstances, the filing of a pre-trial order, requests to charge the jury, proposed *voir dire* questions, proposed verdict forms, and motions *in limine* would track closely in time with the final stages of trial preparation. Additionally, Spherion can represent that both parties intend to file motions *in limine* which will require the Court's attention.[1] And by operation of the Court's Individual Rules, the filing of the Pre-trial Order mandates that within one week oppositions to any motions *in limine* or legal arguments in the PTO are due. Presumably, all of these events would be occurring in close proximity to when the parties could reasonably expect to go to trial, and the preparation of these

---

[1] We also imagine Your Honor's docket is considerably heavier in recent days due to the myriad of release from confinement requests in criminal matters and other administrative requests in civil matters.

63524204v.1



documents would be part of the final trial preparation. But at this time, it is unknown when trials will resume, and when this Court will be able to hold a trial in this matter given the competing considerations of pending criminal cases. Given the unprecedented situation before us all, Spherion is concerned that the parties may file their pre-trial materials followed by a material delay until a trial might be scheduled. In such a situation, certain filings may become stale and require amendment prior to consideration by the Court.

Practically speaking, without access to Defendant's law firm's office building, Spherion would not be able to submit the hard copy courtesy copy binders of the voluminous pre-trial submissions as required by the Court's Individual Rule 5.G.[2] And though Rule 1.A. of this Court's Emergency Individual Rules and Practices in Light of COVID-19 appears to eliminate the submission of any paper copies while jury trials are suspended, Spherion imagines this Court will require paper copies for administration of the eventual trial, further supporting the submission of pretrial materials closer in time to the trial date when jury trials resume.

Further to the above, Spherion proposes that within **three business days** of the lifting of Judge McMahon's April 20, 2020 Standing Order, the parties would jointly file a letter in this case requesting a revised scheduling order for the Pre-Trial Order filing date. Once the Standing Order is lifted, Spherion envisions that Your Honor may be in a position to begin rescheduling in-person proceedings on the Court's docket, and will be in a position to accept paper copies of trial exhibits and supporting materials.

Defendant has met and conferred with Plaintiff's counsel and Plaintiff takes no position on this request. Defendant believes its proposal provides a practical solution to an unprecedented situation and will not prejudice the parties.

Thank you for Your Honor's attention to this matter.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Christopher F. Robertson*

Christopher F. Robertson

cc: All Counsel of Record (*via* ECF)

The parties shall confer and, no later than May 4, 2020, submit a joint letter indicating whether they would consent to a bench trial --- on the theory that it may be a long time before jury trials can be safely conducted. Upon review of the parties' letter, the Court will issue an order concerning the deadline for the joint pretrial order and related submissions, which --- for now --- is EXTENDED to June 12, 2020. The Clerk of Court is directed to terminate ECF No. 183. SO ORDERED.

April 27, 2020

---

[2] Individual Rule 5.C.i. also requires that the parties submit an electronic copy of each exhibit sought to be admitted on a CD-ROM, not a DVD or flash drive. Spherion's attorneys are unable to accomplish this task without access to computer resources in the New York office, which at present, is subject to the 100% staff closure.

63524204v.1