UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :

STATE OF NEW YORK *ex rel.* VINOD KHURANA, et al.,

                           Plaintiffs,

        -v-

SPHERION CORP. (N/K/A SFN GROUP, INC.),

                         Defendant.
------------------------------------------------------------------------X

15-CV-6605 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

      As discussed during the telephone conference held on **June 11, 2020**, the parties consent to a bench trial, which (absent a material change in the public health situation and the attendant courthouse restrictions) will take place remotely. The following schedule shall govern the further conduct of pretrial proceedings in this case:

1. By **June 26, 2020**, the parties shall file a letter with joint or competing proposals regarding procedures that may increase the efficiency of a remote trial, including, but not limited to, whether the issues of liability and damages should be bifurcated in some fashion, and whether the submission of videotaped depositions of some or all witnesses may be an adequate substitute for live cross-examination.

2. By **August 7, 2020**, the parties shall file a Joint Pretrial Order, including any and all information relevant to the trial referenced in the Court's Individual Rules and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman) with respect to Joint Pretrial Orders.

3. At the same time, the parties shall each file Proposed Findings of Fact and Conclusions of Law. **As there may be no opportunity for post-trial submissions,** the Proposed Findings of Fact should be detailed and should include citations to the proffered trial testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court. The parties may not submit additional memoranda of law (before or after trial) without leave of Court.

4. At the same time, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. The parties shall also serve, *but not*

*file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.  As discussed during the telephone conference held on June 11, 2020, witness affidavits are subject to the same rules and restrictions as would apply in the case of live testimony, so the parties should be diligent in complying with all applicable Rules of Evidence.

5. At the same time, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.) by e-mail or a secure filesharing website.  The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted.  The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during trial.

6. Three business days after submission of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits.

7. By **August 17, 2020**, the parties shall file any reply memorandum of law to any memorandum filed with the Joint Pre-Hearing Order.

8. The parties shall be prepared for trial to begin as early as approximately two weeks after the submission of the Joint Pretrial Order and related materials, but the Court will provide further guidance on the scheduling of trial and a final pretrial conference after the parties make their pretrial submissions.

SO ORDERED.

Dated: June 12, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge