UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
        :
STATE OF NEW YORK *ex rel.* VINOD KHURANA, et al.,  :
        :
        Plaintiffs,      :    15-CV-6605 (JMF)
        :
  -v-      :    <u>ORDER</u>
        :
SPHERION CORP. (N/K/A SFN GROUP, INC.),  :
        :
        Defendant.  :
        :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    First, unless and until the Court orders otherwise, trial in this matter will begin on **Monday, October 19, 2020**, at **9:30 a.m.**  Further, the Court will hold a final pretrial conference on **October 14, 2020**, at **9:30 a.m.**  The final pretrial conference **must** be attended by the attorney or attorneys who will serve as principal trial counsel.  Unless and until the Court orders otherwise, both the final pretrial conference and the trial will be conducted remotely — with details to be determined and provided later.

    **The trial date should be treated as a firm date.**  To that end, counsel should immediately confirm the trial date with any and all witnesses and advise the Court if the date is a problem.  If counsel fails to bring any such conflict to the Court's attention **within the next three days**, no adjournments will be granted on that basis.  The parties are advised that the trial date will not be adjourned on account of a settlement in principle; put differently, unless the parties (1) file a stipulation of dismissal or settlement or (2) appear in person to put the material terms of a settlement on the record (and the Court approves the settlement to the extent that such

approval is required), the parties should be prepared to go to trial as scheduled.

Second, the Court will hold a telephone conference on **September 23, 2020**, at **3 p.m.**, to discuss trial-related matters, including a schedule and the appropriate video platform.  With respect to the latter, the parties should be prepared to discuss the advantages of their proposed platforms (Court Solutions and Skype for Business) versus TrialGraphix (which other judges in the District have already used, with success, for remote trials).  For more information on the latter, counsel should visit https://www.trialgraphix.com/.

To access the September 23rd conference, counsel should call 888-363-4749 and use access code 5421540#.  (Members of the press and public may call the same number, but will not be permitted to speak during the conference.)  The parties are reminded to follow the procedures for teleconferences described in the Court's Emergency Individual Rules and Practices in Light of COVID-19, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman.  Among other things, those procedures require counsel to provide advance notice of who will participate in the conference and the telephone numbers they will use to participate.

Finally, Defendant's motion for sanctions, ECF No. 211, is DENIED as meritless, substantially for the reasons set forth in Plaintiff-Relator's opposition memorandum of law.  *See* ECF No. 219.  From the Court's review of the record, it seems clear that Plaintiff-Relator's emails to his uncle, while inadvisable and in poor taste, had nothing to do with this case and that Defendant's motion is little more than a sideshow.  Among other things, although Defendant listed Mr. Kumar on his witness list, *see* ECF No. 201-3, it did not submit an affidavit from Mr. Kumar by the deadline, *see* ECF No. 192, ¶ 4, and makes no reference to him or his prospective testimony in its proposed findings of fact and conclusions of law, *see* ECF No. 200.  Nor did Defendant respond to Plaintiff-Relator's arguments for preclusion of Mr. Kumar's testimony.

*Compare* ECF No. 202, ¶¶ 348-52, *with* ECF No. 208.  These facts, along with Plaintiff-Relator's declaration indicating that he never even reviewed Defendant's submissions, *see* ECF No. 220, ¶¶ 23-26, strongly suggest that Plaintiff-Relator did not even know or believe that Mr. Kumar would appear at a witness at trial when he sent the emails in question.  Accordingly, Defendant's motion for sanctions is DENIED.  Moreover, and for avoidance of doubt: Mr. Kumar will not appear as a witness at trial given Defendant's failure to submit an affidavit from him by the deadline and given the lack of any opposition to Plaintiff-Relator's preclusion arguments.

      The Clerk of Court is directed to terminate ECF No. 211.

SO ORDERED.

Dated: September 16, 2020
      New York, New York

                                   JESSE M. FURMAN
                                   United States District Judge